Henry Greenebaum v. The American Trust and Savings Bank, Assignee.

1. BANKS AND BANKING—*Checks Presented After Insolvency of Bank, as a Set-off Against Debt to Bank.*—A debtor of an insolvent bank, which has made an assignment for the benefit of creditors, can not set-off

against his debt to the bank, a check drawn in his favor by a depositor of the bank, and not presented for payment until after the assignment.

**Assumpsit,** on a promissory note. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed July 15, 1897.

WALKER, JUDD & HAWLEY, attorneys for appellant.

MORAN, KRAUS & MAYER, attorneys for appellee.

MR. JUSTICE SEARS DELIVERED THE OPINION OF THE COURT.

This was an action in assumpsit commenced in the Superior Court of Cook County, by appellee, as assignee of Herman Shaffner & Company against appellant upon a promissory note for the sum of $750, executed and delivered by appellant to Herman Shaffner & Company.

The evidence showed the making of the note in question and the amount due thereon, amounting to $929.50. That on June 3, 1893, Abraham G. Becker, the sole surviving partner of Herman Shaffner & Company, executed and delivered upon behalf on Herman Shaffner & Company a deed of assignment for the benefit of creditors, to appellee, as assignee; that among other assets of said Herman Shaffner & Company was the note in question; that appellee at the time of trial was, and continuously from June 3, 1893, had been, in the discharge of such duties as such assignee.

It being stipulated that all defenses might be introduced under the general issue in manner and form as though specially pleaded, the defendant proved that the firm of H. & D. S. Greenebaum, for a long time prior to the assignment of Herman Shaffner & Company had a general deposit account with the said Herman Shaffner & Company as bankers, upon which checks were drawn by said H. & D. S. Greenebaum and paid by said Herman Shaffner & Company in the course of its general banking business; that at the date of said assignment said Herman Shaffner & Company held as a deposit to the credit of H. & D. S. Greenebaum the sum of $658.62; that thereafter at the time of the maturity of the note sued on said H. & D. S. Greenebaum drew

its check for the amount of $658.62 against said deposit on said Herman Shaffner & Company to the order of appellant; that appellant then presented said check to appellee and to said Abraham G. Becker, and demanded payment thereof, and in default thereof tendered said check, together with the difference between the amount thereof and the amount due on said note, to appellee and Abraham G. Becker in payment of said note; that said tender was refused.

Appellant claimed the right to set off the amount due under said check against the amount due upon said note.

Upon the conclusion of all the testimony the court excluded this evidence, which was all of the evidence of the defendant, and instructed the jury to find a verdict for the plaintiff for $929.50.

Appellant contends that the set-off should have been allowed, and that the check offered in evidence thereof was improperly excluded. No other error is suggested.

Although counsel for appellant do not so present their contention, yet is it true that their contention could only be maintained upon one of two theories, viz., either that a partnership credit may be set off as against the debt of an individual partner, or, that the debtor of an insolvent estate may purchase claims of third parties against such estate, after assignment by the insolvent, and set off such purchased claims against his individual debt due to the assignee.

· The fallacy of the first, as a proposition of law, is obvious, and is conceded by appellant.

Nor is the second proposition maintainable. The doctrine is well settled that the debtor of an insolvent bank, which has made an assignment for the benefit of creditors, can not set off against his debt to the bank a check drawn in his favor by a depositor of the bank, and not presented for payment until after the assignment. Smith v. Hill, 8 Gray, 572; Northern Trust Co. v. Rogers, 60 Minn. 208.

Counsel for appellant insist that the rights of any subsequent transferee (appellant) of the depositor (H. & D. S. Greenebaum) became fixed at the time of the creation of the relation between depositor and banker, and hence, as such relation was established between H. & D. S. Greenebaum,

as depositor, and Herman Shaffner & Company, as bankers, long before the assignment, that this deposit claim, although transferred in fact after the assignment, was, in contemplation of law, transferred before the assignment. And in support thereof, cite Munn v. Burch, 25 Ill. 35. The misapplication by counsel of this authority results apparently from the confusion of the rights relatively between banker and depositor and between banker and transferee of depositor. As between banker and depositor, the rights do accrue as of the time of the deposit. As between banker and transferee of the deposit, however, neither Munn v. Burch, or any other authority cited, holds that any rights accrue until presentation of the check.

" And with the whole world he (the banker) agrees that whoever shall become the owner (holder ?) of such check, shall, upon presentation, thereby become the owner and entitled to receive the amount, etc. * * * · Surely every sound lawyer will at once perceive a privity of contract between the banker and the holder of the check, created by the implied promise held out to the world by the banker, on the one side, and the receiving of the check for value and presenting it, on the other." Munn v. Burch, *supra.*

" That the giving of the check works no instant assignment as to the bank; that, as to it, before demand for payment no assignment exists, no obligation has been created, no privity has grown up," etc. Northern Trust Co. v. Rogers, *supra.*

The theory sought to be drawn by counsel from the language of Munn v. Burch is not tenable, viz., that because the banker impliedly agrees at the time of the deposit " with the whole world " as possible future transferees, therefore contractual relations are thereby, at the time of the deposit, created with any such future transferee.

Such privity begins as to such transferee only upon presentation by him of the check.

The claim of set-off was not valid. There was no error in the action of the trial court in excluding the evidence proffered, and in directing a verdict.

The judgment is affirmed.