[Civ. No. 859.   First Appellate District.—February 17, 1911.]

EDWARD J. LE BRETON, as Receiver of the CALIFOR-
NIA SAFE DEPOSIT AND TRUST COMPANY, a
Corporation, Respondent, v. STANLEY CONTRACT-
ING COMPANY, a Corporation, and JAMES STAN-
LEY, and CARNEGIE BRICK AND POTTERY COM-
PANY, a Corporation, Appellants.

BANKS—INSOLVENCY—ACTION BY RECEIVER UPON NOTE—COUNTERCLAIM
OF UNACCEPTED CHECK OF DEPOSITOR NOT PERMISSIBLE.—In an
action by the receiver of an insolvent bank to recover upon a prom-
issory note executed by defendants to the bank, an answer by the
defendants which raises no issue as to the note cannot set off or
counterclaim thereto a check which was drawn by a depositor in the
bank in favor of the corporation defendant, which is alleged never
to have been paid or presented for acceptance or payment, owing to
the failure of the bank, and which is not alleged to have been cer-
tified or accepted, or drawn against a special fund or for a precise
balance of the deposit.

ID.—EFFECT OF CHECK—ABSENCE OF ASSIGNMENT OR ACCEPTANCE—NON-
LIABILITY OF BANK.—In the absence of an assignment of the fund,
a check which has not been presented to or accepted by the bank
does not operate as an assignment to the payee of the amount called
for therein, and, in such case, no cause of action exists in favor of
the payee against the bank.

ID.—INSOLVENCY OF BANK IMMATERIAL.—The insolvency of the bank
and the closing of its doors before the defendants had a reasonable
opportunity to present the check is immaterial, as affects any cause
of action by the check-holder against the bank, or any right to offset
the check against the check-holder's note to the bank.

ID.—ANSWER TO ACTION UPON NOTE BY RECEIVER—ADJUDICATION AND
APPOINTMENT—DENIAL FOR WANT OF INFORMATION—MEANS OF
KNOWLEDGE—JUDGMENT ON PLEADINGS.—In the action upon the
note by the receiver, where the only averments of the complaint
attempted to be denied relate to the order of adjudication of the
bank in insolvency and the appointment of the receiver, and these
are denied merely for want of information, the defendants having
means of knowledge from the court records, the denials raised no
issue, and judgment was properly rendered upon the pleadings.

ID.—EFFECT OF MOTION FOR JUDGMENT UPON PLEADINGS—DEMURRER TO
ANSWER FOR INSUFFICIENCY.—A motion for a judgment upon the
pleadings in favor of the plaintiff is similar in purpose and effect
to a demurrer to the answer for insufficiency.

Id.—Rights of Plaintiff.—The plaintiff was privileged to take advantage of the insufficiency of the answer, either by demurrer or by motion for judgment, either or both of which would, if finally successful, be sufficient upon which to found a judgment.

Id.—Order Sustaining Demurrer to Answer Without Leave to Amend—Pending Motion for Judgment upon Pleadings not Precluded.—The fact that the court has made an order sustaining a demurrer to the answer without leave to amend does not preclude the court from passing upon a pending motion for judgment upon the pleadings which were made contemporaneously with the filing of the demurrer to the answer; but the motion being before the court, it was proper to dispose of it.

Id.—Ordinary Effect of Final Order Sustaining Demurrer.—An order sustaining a demurrer without leave to amend ordinarily disposes of the case; and in the absence of any directions from the court, it is the duty of the clerk to enter an appropriate judgment.

Id.—Judgment by Direction of Court.—Where, after sustaining both the demurrer to the answer and the motion for judgment upon the pleadings, the judgment was entered by direction of the court granting the motion, the fact that its order for judgment referred also to the order sustaining the demurrer without leave to amend neither helped nor harmed the judgment as finally entered.

Id.—Judgment for Interest on Note—Construction.—The judgment for interest on the note from its date, at the rate prescribed therein, cannot be construed to run on indefinitely at the same rate. The judgment may be construed in connection with the pleadings; and a judgment under the terms of the note for interest terminated by operation of law at the entry of judgment, and could bear no greater rate thereafter than seven per cent per annum.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Thomas C. Huxley, for Appellants.

J. V. de Laveaga, and E. De Los Magee, for Respondent.

LENNON, P. J.—This is an appeal from a judgment of the superior court of the city and county of San Francisco, rendered and entered in favor of the plaintiff and against the defendants, James Stanley and the Stanley Contracting Company.

These defendants, on the twenty-ninth day of October, 1907, were indebted, upon their promissory note in the sum of $2,262.35, to the California Safe Deposit and Trust Company, a banking corporation. The note was dated May 15, 1907. It was due in ninety days from its date, and bore interest at the rate of six per cent per annum, payable monthly, and if not so paid to be compounded. On October 30, 1907, the California Safe Deposit and Trust Company suspended, closed its doors and never resumed business.

The plaintiff, E. J. Le Breton, as the duly appointed, qualified and acting receiver of the defunct bank, brought suit upon the note, and after an order sustaining his demurrer to the answer of the defendants, without leave to amend, obtained a judgment against them on the pleadings for the full amount of the principal and interest due on the note.

The allegations of the complaint with reference to the court's order adjudicating the bank to be insolvent, and appointing the plaintiff its receiver, are the only allegations attempted to be denied by the answer of the defendants, and the denial, in each instance, is made and based upon lack of information or belief.

There is no denial or attempted denial in the answer of the due execution of the note, or of the amount of the indebtedness due thereon as set out in the plaintiff's complaint.

As a separate defense, and by way of counterclaim, the answer of the defendants averred, in substance, that on October 29, 1907, one Kittie J. McCue, who was then a commercial depositor with the California Safe Deposit and Trust Company in the sum of $2,400, and upward, made and delivered to defendants her check drawn thereon, in favor of the Stanley Contracting Company, for the sum of $2,400. By reason of the failure of the California Safe Deposit and Trust Company said check was never paid, or presented for acceptance and payment, and has ever since been held by defendants. It was not alleged in the answer that the check had ever been certified or accepted by the bank, or that the check was drawn against a special fund, or for the precise balance on deposit with the bank and to the credit of Kittie J. McCue.

Plaintiff demurred to the allegations of the answer upon the ground that the same were insufficient to constitute either

a defense or an offset to the cause of action stated in the plaintiff's complaint. With the demurrer plaintiff filed a motion for judgment on the pleadings. The demurrer and motion apparently were heard and considered together. On January 17, 1910, the demurrer was sustained without leave to amend, and the motion was granted. On January 20, 1910, judgment on the pleadings was entered in favor of the plaintiff and against the defendants, James Stanley and the Stanley Contracting Company, in the sum of $2,262.35, "together with interest thereon at the rate of six per cent per annum from the fifteenth day of May, 1907, said interest to be compounded monthly, together with plaintiff's costs of suit."

The court did not err in sustaining the demurrer without leave to amend.

The check in question was never presented to or accepted by the bank, and therefore, as to the bank, it was not an assignment to the Stanley Contracting Company of the amount called for in the check. (*Donohoe-Kelly Banking Co.* v. *S. P. Co.,* 138 Cal. 183, [94 Am. St. Rep. 28, 71 Pac. 93]; *Pullen* v. *Placer Co. Bank,* 138 Cal. 172, [94 Am. St. Rep. 19, 66 Pac. 740, 71 Pac. 83]; *Harlan* v. *Gladding-Mc-Bean Co.,* 7 Cal. App. 52, [93 Pac. 400]; *Greenebaum* v. *American Trust etc. Bank,* 70 Ill. App. 407.) In the absence of such an assignment, no cause of action on the check existed in favor of the Stanley Contracting Company against the bank (*O'Connor* v. *Mechanics' Bank,* 124 N. Y. 324, [26 N. E. 816]); and, therefore, the check could not be properly pleaded as a defense, by way of counterclaim, to the cause of action stated in the plaintiff's complaint. (*Barber* v. *Reynolds,* 33 Cal. 497; *Chase* v. *Evoy,* 58 Cal. 348; *Harrison* v. *McCormick,* 69 Cal. 618, [11 Pac. 456]; *Roberts* v. *Donovan,* 70 Cal. 112, [9 Pac. 180, 11 Pac. 599]; *Stockton etc. Society* v. *Giddings,* 96 Cal. 90, [31 Am. St. Rep. 181, 30 Pac. 1016, 21 L. R. A. 406].)

That the bank in this case had failed and closed its doors before the defendants had a reasonable or any opportunity to present the check for acceptance and payment is of no consequence, and does not relieve the situation of the defendants, or alter the rule in their favor. The fact remains that the check was never presented or accepted, and, therefore, the

right to claim an appropriation of the fund specified in the check as to the bank was never perfected. (*Northern Trust Co.* v. *Rogers,* 60 Minn. 208, [51 Am. St. Rep. 526, 62 N. W. 273] ; *Greenebaum* v. *American Trust etc. Bank, supra.*)

In the case of *Butterworth* v. *Peck,* 5 Bosw. (N. Y.) 341, the receiver of an insolvent bank, as in the case at bar, brought suit upon a promissory note, and a check, upon which payment had been refused but which had been presented for payment prior to the failure of the bank, was pleaded as a setoff. The court, in refusing to allow the setoff, held that "the check was not an appropriation of a specific fund. It gave no right of action against the bank without acceptance, and if it gave no right of action, it cannot constitute a right of setoff or counterclaim."

A practical reason for the rule refusing the right of setoff in such cases is found in the case of *Northern Trust Co.* v. *Rogers, supra,* a case very similar to the case at bar, wherein it was said: "To allow it would be to open the door to the commission of fraud on the great body of the creditors of the insolvent bank, and would practically defeat the great object of the insolvent law, which is the equal distribution of the assets of the insolvent company among the creditors. In every case where a bank failed, having a large number of both creditors and debtors, it would be the easiest matter in the world for a number of each class to collude together, and, by the former giving antedated checks to the latter, to absorb all the assets of the bank to the exclusion of the other creditors."

No right of action on the check existing in favor of the Stanley Contracting Company, no right of counterclaim or setoff could possibly arise out of the facts stated in the answer, and, therefore, the order of the court sustaining the demurrer without leave to amend was the only proper ruling which could have been made in the premises.

The truth of the allegations of the complaint, with reference to the order adjudicating the bank insolvent and appointing the plaintiff its receiver, could have been readily ascertained by the defendants from an inspection of the court records, and, therefore, the defendant's denials of these allegations for lack of information or belief were wholly insufficient. (*Mulcahy* v. *Buckley,* 100 Cal. 487, [35 Pac.

144].)   Denials in this form, with knowledge or means of knowledge as to the truth or falsity of the allegation attempted to be denied, are never permissible.   They may be disregarded by the court (*Mullally* v. *Townsend*, 119 Cal. 52, [50 Pac. 1066]) ; and if the answer fails otherwise to put in issue the material allegations of the complaint, judgment may be rendered and entered on the pleadings.   (*Doll* v. *Good*, 38 Cal. 287.)

Counsel for appellants suggests that the order sustaining the demurrer without leave to amend practically disposed of the entire case, and thereby precluded the court from entertaining and disposing of the motion for judgment on the pleadings.

A motion for judgment on the pleadings is similar in purpose and effect to a demurrer grounded upon the alleged insufficiency of the facts stated in a pleading.   It admits the facts alleged, and challenges their sufficiency to support a cause of action or maintain a valid defense.   (*De Toro* v. *Robinson*, 91 Cal. 371, [27 Pac. 671].)

The plaintiff in this case was privileged to take advantage of the alleged defect in the defendant's pleading by demurrer or motion for judgment (*Kelley* v. *Kriess*, 68 Cal. 210, [9 Pac. 129]), either or both of which, if successful, would be sufficient upon which to found a judgment.

An order sustaining a demurrer without leave to amend ordinarily disposes of the case, and, in the absence of any directions from the court, it is then the duty of the clerk to enter an appropriate judgment.   (*Gallardo* v. *Reed*, 49 Cal. 346; *Mora* v. *Le Roy*, 58 Cal. 8; *Lang* v. *Superior Court*, 71 Cal. 492, [12 Pac. 306, 416].)

In this instance the motion for judgment on the pleadings was before the court, and it was therefore proper for the court to dispose of it.   The judgment was entered by direction of the court after the order sustaining the demurrer and granting the motion was made, and the fact that the order for judgment made reference to the sustaining of the demurrer without leave to amend neither helped nor harmed the judgment as finally entered.

The rate of interest prescribed by the judgment does not, as claimed by counsel for appellant, run on indefinitely.   A judgment may be construed in connection with the pleadings

in the case. (*Ex parte Ambrose,* 72 Cal. 401, [14 Pac. 33].)
It is obvious that the rate of interest allowed by the judgment
in this case was according to the terms of the note, which
by operation of law terminated at the entry of judgment.
(Civ. Code, sec. 1918.)    Thereupon the judgment bore no
greater rate of interest than seven per cent per annum. (Civ.
Code, sec. 1920.)

The judgment is affirmed.

Hall, J., and Kerrigan, J., concurred.