[Crim. No. 916. Third Appellate District.—June 17, 1926.]

THE PEOPLE, Respondent, v. B. F. LUCAS, Appellant.

[1] CRIMINAL LAW—INDICTMENTS—DEMURRERS—CHANGE OF RULING—ONCE IN JEOPARDY—SECTION 1008, PENAL CODE.—In a criminal prosecution, where the trial court overruled defendant's demurrer to a first indictment, its action, after a mistrial on said first indictment and after a second indictment was filed, in changing its prior ruling and sustaining the demurrer to said first indictment as well as a demurrer to the second indictment and ordering the case to be resubmitted to the grand jury, was in accordance with the provisions of section 1008 of the Penal Code, and was not, under the terms of said section, a bar to another prosecution for the same offense.

[2] ID.—JEOPARDY—SUFFICIENCY OF INFORMATION OR INDICTMENT.—A
defendant cannot be said to be in jeopardy unless the indictment
or information is sufficient to sustain a conviction.

[3] ID.—INDICTMENT — SUFFICIENCY OF — ESTOPPEL. — The defendant,
after having demurred to such first indictment and the trial court
having finally sustained such demurrer, cannot be heard to contend,
contrary to the ruling which he procured, that such indictment
was sufficient and that therefore he was placed in jeopardy by
the mistrial thereunder.

[4] ID.—RULING ON DEMURRER—CHANGE IN—APPEAL.—It is a common
occurrence for a trial court to change its rulings upon ques-
tions of law during the progress of a trial, and a ruling on
demurrer occupies no better position in this regard than any
other ruling from which an appeal cannot be taken.

(1) 16 C. J., p. 241, n. 83, p. 249, n. 68. (2) 16 C. J., p. 241,
n. 81. (3) 17 C. J., p. 209, n. 85, 86. (4) 17 C. J., p. 26, n. 31,
p. 29, n. 60.

APPEAL from a judgment of the Superior Court of
Butte County and from an order denying a new trial. H. D.
Gregory, Judge. Affirmed.

The facts are stated in the opinion of the court.

George F. Jones for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones,
Deputy Attorney-General, for Respondent.

FINCH, P. J.—June 23, 1925, the defendant was indicted
for the crime of making false entries in the books of a
state bank. His demurrer to the indictment was overruled
and his motion to dismiss it was denied. He was duly placed
on trial, but the jury impaneled in the case was discharged
because of inability to agree upon a verdict. October 30,
1925, a second indictment was presented and filed, charging
the defendant with the same acts alleged in the first in-
dictment and, in addition thereto, four acts of embezzle-
ment. This was a new indictment and did not purport
to be an amendment of the first. The defendant made a

2. See 8 R. C. L. 140.
3. See 7 Cal. Jur. 947, 950.
4. See 21 Cal. Jur. 124.

motion to dismiss the indictment and demurred thereto. Upon the submission of the motion and the demurrer, the court made the following order: "The motion to dismiss indictment is sustained, and the demurrer is sustained; the district attorney to go before the grand jury and amend the former indictment and bring in a second indictment as to the charges of embezzlement. . . . The court now orders that the order heretofore made, overruling the demurrer to the original indictment be set aside; the demurrer to the original indictment is now sustained, and the original indictment together with the second indictment is now resubmitted to the grand jury. The court orders that the whole matter of the two indictments be referred to the grand jury for consideration." Two indictments, purporting to be amended indictments, were thereafter presented by the grand jury and filed. One charged the making of the same false entries and the other charged the embezzlements set forth in the second indictment. The defendant pleaded that he had been once placed in jeopardy on the charge of making the false entries. At the trial the court instructed the jury to find against the defendant on that plea. He was convicted of the crime of making the alleged false entries, and this appeal is from the judgment and the order denying a new trial.

[1] Counsel for appellant says in his brief: "The defendant relies for a reversal of the judgment upon the sole proposition that the court erred in instructing the jury to return a verdict for the people on the pleas of once in jeopardy." He contends that the first indictment was not defective in the respects set out in his motion to dismiss and his demurrer thereto. He conceded at the oral argument that if the second trial had been had upon the first indictment the plea of once in jeopardy would not have been available to defendant, and there are many decisions in this state to that effect. Why a different rule should prevail in a case such as this does not appear. "A *nolle proseque* entered after a disagreement and discharge of the jury will not bar another prosecution for the same offense." (16 C. J. 249.) "A defendant is placed in apparent jeopardy when he is placed on trial before a competent court and a jury empaneled and sworn. His jeopardy is real, unless it shall subsequently appear that a verdict could

never have been rendered by reason of the death or illness of the judge or a juryman, or that after due deliberation the jury could not agree, or by reason of some other like overruling necessity which compels their discharge without the consent of the defendant.'' (*People* v. *Hunckeler,* 48 Cal. 331, 334. See, also, *In re Harron,* 191 Cal. 457, 466 [217 Pac. 728]; *People* v. *Ammerman,* 118 Cal. 23, 26 [50 Pac. 15].) In *People* v. *Kerrick,* 144 Cal. 46, 48 [77 Pac. 711], after a disagreement and the discharge of the jury, the action was dismissed on motion of the district attorney on the ground of insufficiency of evidence to convict. Thereafter another information was filed and the defendant entered a plea thereto of once in jeopardy. It was held on appeal that the second information charged a different offense from that alleged in the first. The court said, however: ''Another reason . . . is found in the fact that each of the prosecutions was for a felony, and a judgment of dismissal on motion of the district attorney does not bar a second prosecution in case of a felony—even assuming that there was but one offense, or that the one offense was included in the other.'' In *People* v. *Disperati,* 11 Cal. App. 469, 475 [105 Pac. 617, 619], after a disagreement and discharge of the jury, the information was dismissed on motion of the district attorney and another complaint was filed charging the defendant with the same offense. He was held to answer and another information was filed, to which he entered a plea of once in jeopardy. The court said: ''If there had been a conviction of the defendant upon the first information it would indeed have been a bar to another prosecution unless it had been set aside at his instance; but the case is entirely different where the jury disagree and are discharged by the court. Then the status is the same as though there had been no trial at all.'' ''A mistrial is not a trial.'' (*In re Begerow,* 133 Cal. 349, 456 [56 L. R. A. 513, 65 Pac. 828].)

Section 1008 of the Penal Code provides: ''If a demurrer (to the indictment) is sustained and an amendment is not allowed, or if allowed, is not made, within such reasonable time as the court may fix, the court shall give a judgment of dismissal, which shall be a bar to another prosecution for the same offense. The defendant shall thereupon be discharged, unless the court directs the case to be submitted

to the same or another grand jury." As stated, the court overruled the defendant's demurrer to the first indictment prior to the mistrial thereon. Thereafter, and after the second indictment was filed, the court changed the ruling and sustained the demurrer to the first indictment as well as that to the second and ordered the case to be resubmitted to the grand jury. This action of the court was in accordance with the provisions of section 1008 and is not, under the terms of that section, a bar to another prosecution for the same offense.

[2] A defendant cannot be said to have been in jeopardy unless the indictment or information is sufficient to sustain a conviction. [3] The defendant demurred to the first indictment and the court finally sustained the demurrer. He cannot, therefore, be heard to contend, contrary to the ruling which he procured, that such indictment was sufficient and that therefore he was placed in jeopardy by the mistrial thereunder. (7 Cal. Jur. 947; *People . v. Lee Look*, 143 Cal. 216, 220 [76 Pac. 1028]; *People* v. *Terrill,* 133 Cal. 120, 128 [65 Pac. 303].) It is true that at the time the court changed the ruling upon the demurrer to the first indictment the defendant objected "to this at this time on the ground that the court has no jurisdiction to make any order concerning the original indictment at this time," but he made no attempt to withdraw the demurrer or to have it stricken from the files. [4] "It is a common occurrence for a trial court to change its rulings upon questions of law during the progress of a trial, and a ruling on demurrer occupies no better position in this regard than any other ruling from which an appeal cannot be taken." (21 Cal. Jur. 124; *De La Beckwith* v. *Superior Court,* 146 Cal. 496 [80 Pac. 717].) In any view of the case, the instruction of which complaint is made was properly given.

The judgment and the order are affirmed.

Needham, J., *pro tem.*, and Plummer, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 16, 1926.