[Civ. No. 6246. Second Appellate District, Division Two.—October 21, 1929.]

WILLIAM J. O'NEILL et al., Appellants, v. LEE J. HICKS et al., Respondents.

Killian & Bentson for Appellants.

Willis O. Tyler for Respondents.

THOMPSON (IRA F.), J.—A complaint seeking to enjoin twenty named defendants and a large number sued by

fictitious names from violating certain restrictions, alleged to have been imposed by agreement upon about 100 lots in Hopper & Sons Western Avenue Tract in the city of Los Angeles, was filed in the court below. Eleven of the defendants interposed a general and special demurrer, which was sustained without leave to amend. Thereafter the judge signed a document entitled "Judgment Sustaining Demurrer," which, after reciting preliminary matters, reads as follows: "The demurrer of defendants to complaint of plaintiffs is sustained without leave to amend." This is the purported judgment from which the plaintiffs appeal. There is no adjudication that plaintiffs take nothing from the named defendants or that the demurring parties recover their costs or dismissing them from the action. In *De La Beckwith* v. *Superior Court*, 146 Cal. 496 [80 Pac. 717, 719], we read: "An order sustaining a demurrer is not a judgment, and does not have the effect of finally and irrevocably dismissing the demurring party from the action. 'It may form the basis for rendering a judgment, but it is not itself a judgment'· (*Sivers* v. *Sivers*, 97 Cal. 518 [32 Pac. 571]), is not appealable, and can be reviewed by an appellate court only on appeal from a final judgment subsequently given. Upon such an order being made without leave to amend, or where it is made with leave to amend and no amendment is made, the party whose demurrer has been sustained may become entitled to a judgment, which may effectually bar further proceedings against him in the matter from which he has been dismissed. In the absence of such a judgment, however, the mere order constitutes no bar and if, at any time prior to judgment, it is made to appear to the court that a complete determination of the controversy cannot be had without the presence of such party, we can conceive of no good reason why the court may not make such orders as will have the effect of bringing such party into the action again. He has never really been effectually dismissed from the action, and, technically speaking, is not a new party at all, but the order sustaining his demurrer has the effect of relieving him from the necessity of further defending in the absence of subsequent action by the court." Or we may liken the order sustaining a demurrer to any other order made during the progress of the case, which may, if further light be shed upon the subject, be reversed or modified.

(*People* v. *Lucas*, 78 Cal. App. 421–425 [248 Pac. 691].) We also make reference to the case of *People* v. *Carillo*, 66 Cal. App. 146 [225 Pac. 475], and cases there cited, as covering the same principles.

The appeal is dismissed.

Works, P. J., and Craig, J., concurred.