[Civ. No. 10868.   First Appellate District, Division One.—November 22, 1939.]

V. KELLY, Respondent, v. W. J. LIDDICOAT et al., Appellants.

A. D. Schaffer for Appellants.

Frank V. Campbell and Harvey C. Miller for Respondent.

GOODELL, J. *pro tem.*—This is an appeal on the judgment roll alone from a summary judgment in an action brought upon three promissory notes.

The statutory affidavit which accompanied the notice of motion showed that the plaintiff's assignor had sold certain corporate stock to the appellants and that the notes, aggregating $1125, had been executed by appellants to evidence the money obligation for the stock. Section 437c, Code of Civil Procedure, provides that ''the answer may be stricken out and judgment may be entered, in the discretion of the court, unless the defendant, by affidavit or affidavits shall show such facts as may be deemed by the judge hearing the motion sufficient to entitle him to defend''. The appellants filed no affidavits and made no opposition to the entry of judgment although they were represented by counsel at the hearing. Ordinarily the only question presented upon an appeal from a summary judgment under section 437c is whether or not the trial court abused its discretion. (*Bank of America etc. Assn.* v. *Oil Well Supply Co.*, 12 Cal. App. (2d) 265, 270 [55 Pac. (2d) 885].) ▮ The appellants, however, attack the judgment upon an entirely different ground, their opening brief being devoted to showing that their third amended answer is legally sufficient as a pleading, and they contend that on this appeal there should be a review of the trial court's action in sustaining the demurrer to said answer the same as there could be on an appeal from a judgment after a trial on the merits. In this contention they lose sight of the real intent and purpose of this legislation. ''While this section provides a form of procedure that is novel in this state, it is the same in general effect, but with some variations in

details, as rules of practice established in New York and New Jersey, which require a defendant, on plaintiff's motion for judgment, to file in addition to his answer an affidavit showing 'such facts as may be deemed, by the judge hearing the motion, sufficient to entitle him to defend'.'' (*Cowan Oil & Refining Co.* v. *Miley Petroleum Corp.*, 112 Cal. App. (Supp.) 773, 776 [295 Pac. 504], wherein section 831d, Code of Civil Procedure,—of which section 437c is an outgrowth and extension—was under discussion.) The District of Columbia has a similar rule and with respect to it the Supreme Court of the United States has said: ''It prescribes the means of making an issue. . . . The purpose of the rule is to preserve the court from frivolous defences and to defeat attempts to use formal pleading as means to delay the recovery of just demands.'' (*Fidelity & Deposit Co.* v. *United States,* 187 U. S. 315, 320 [23 Sup. Ct. 120, 47 L. Ed. 194, 198].) With respect to the rule in New York, its Court of Appeals in *Curry* v. *Mackenzie,* 239 N. Y. 267 [146 N. E. 375], has said: ''Civil Practice Rule 113 permits summary judgment at times in favor of a plaintiff though material averments of his complaint have been traversed by the answer. To that end there must be supporting affidavits proving the cause of action, and that clearly and completely, by affiants who speak with knowledge. There must be a failure on the part of the defendant to satisfy the court 'by affidavit or other proof' that there is any basis for his denial or any truth in his defense. The case must take the usual course if less than this appears. To justify a departure from that course and the award of summary relief, the court must be convinced that the issue is not genuine, but feigned, and that there is in truth nothing to be tried.'' In the case of *Rogan* v. *Cons. Coppermines Co.,* 117 Misc. 718 [193 N. Y. Supp. 163, 164], Judge Irving Lehman (now of the Court of Appeals) said: ''Rule 113 of the Rules of Civil Practice was intended to prevent a defendant in certain classes of cases, which for convenience I may call commercial cases, from interposing an answer which will unnecessarily delay the entry of a judgment to which the plaintiff is entitled.'' In *Hanna* v. *Mitchell,* (1922) 202 App. Div. 504, 514, [196 N. Y. Supp. 43], in treating of a conflict made by contrary affidavits in a proceeding for summary judgment, the opinion reads: ''The court is not authorized to try the issue, but is to determine whether there is an issue to be tried.'' In *Baxter* v. *Szucs,*

248 Mich. 672, 675, [227 N. W. 666], the court said: "The province of the court, on motion for summary judgment, is to determine judicially whether there is an issue of fact which, if resolved in favor of defendant, would preclude a verdict for plaintiff in whole or in part of his demand." In our own state, in *Shea* v. *Leonis*, 29 Cal. App. (2d) 184, 187 [84 Pac. (2d) 277], it is said: "A motion for summary judgment is not a trial upon the merits. It is merely to determine whether there is an issue to be tried." In the Cowan case, *supra* (see p. 778), the appellant contended that "an answer which states and properly pleads a good defense cannot be stricken out", and that "a judgment upon the pleadings cannot be given if the answer presents any material issue on the allegations of the complaint or sets up any affirmative matter constituting a defense". That, essentially, is what these appellants now claim when they urge the sufficiency of their answer as a pleading. With respect to the claim there urged and the cases cited, the court, in the Cowan case, said: "None of these cases, however, involve any such provision as that found in section 831d. That section provides an entirely new procedure, as far as the codes of our state are concerned, the purpose of which is to eliminate all issues which have no basis in fact, no matter how well they may be pleaded in form. Under it, an answer may be stricken out, even though a perfect defense may be stated therein, unless the defendant by his affidavits shows facts to substantiate the defense." And in *Perlman* v. *Perlman,* 235 App. Div. 313 [257 N. Y. Supp. 48, 50], the court, expressing the same thought conversely, said with respect to summary judgments: "Even though the pleading itself be deemed insufficient, the motion must be denied if the affidavits show facts sufficient to constitute a defense entitling the pleader to defend. *Curry* v. *Mackenzie,* 239 N. Y. 267, [146 N. E. 375]. . . . "

Section 437c, after prescribing with particularity what the plaintiff's affidavits on the motion should contain and by whom they should be made, provides that "The affidavit or affidavits in opposition to said motion shall be made by the defendant, or by any other person having knowledge of the facts, and together shall set forth facts showing that the defendant has a good and substantial defense to the plaintiff's action (or to a portion thereof) upon the merits. The facts stated in each affidavit shall be within the personal knowledge

of the affiant, shall be set forth with particularity, and each affidavit shall show affirmatively that the affiant, if sworn as a witness, can testify competently thereto.''

It has been held that the statements in the affidavits must be of evidentiary, and not of ultimate, facts, and they must be accepted as true for the purposes of the motion. (Cowan case, *supra,* p. 780; *Krieger* v. *Dennie,* 123 Cal. App. (Supp.) 777, 780 [10 Pac. (2d) 820]; *Bank of America etc. Assn.* v. *Casady,* 15 Cal. App. (2d) 163, 168 [59 Pac. (2d) 444].) From all these authorities it is clear that the appellants could not have urged the sufficiency of their pleading to defeat the motion in the trial court. If they could not have done so there, they cannot do so now.

In their closing brief the appellants for the first time present the contention that ''The order sustaining demurrer precluded appellants from filing affidavits as to the special defense, in opposition to respondent's motion for summary judgment, and thus deprived appellants of the benefit of the special defense.''

The appellants had filed an answer and three amended answers. On February 2, 1938, the court sustained the demurrer to their third amended answer, the order being silent as to the right of further amendment and the time therefor. On February 14, 1938, notice of this motion was given. Between February 2d, when the demurrer was sustained, and February 28th, when this motion was heard, the record discloses no attempt on the part of appellants to amend their answer, and none on the part of the respondent to have judgment entered on the sustaining of the demurrer. In appellants' closing brief it is argued for the first time that the sustaining of the demurrer left ''no issues raised by the special defense before the Court'' and that if the case had gone to trial in that state of the pleadings no evidence would have been admissible on the special defense. There would seem to be no reason why a demurrer could not be interposed to an answer and a motion made for a summary judgment at the same time, the demurrer being an attack upon the sufficiency of the pleading *as such,* and the motion being a direct challenge to the substantiality of the defense, regardless of how well it is pleaded. Each would be independent of the other, and it would seem to be a matter of small importance which was first acted upon. In the case of *LeBreton* v. *Stanley Con-*

*tracting Co.*, 15 Cal. App. 429 [114 Pac. 1028], a demurrer and a motion for judgment on the pleadings were before the court at the same time and the court sustained the demurrer without leave to amend and later granted the motion. It was there urged "that the order sustaining the demurrer without leave to amend practically disposed of the entire case, and thereby precluded the court from entertaining and disposing of the motion for judgment on the pleadings". This court held that "The plaintiff in this case was privileged to take advantage of the alleged defect in the defendant's pleading by demurrer or motion for judgment . . . either or both of which, if successful, would be sufficient upon which to found a judgment." In the case at bar, however, the order did not cut off the appellants' right to amend; there had been neither amendment nor judgment, and in that period of suspension . the motion in question was heard and granted. The point now suggested could not have been made if the motion for summary judgment had been granted before the demurrer had been sustained. Moreover, there is nothing final about the order sustaining the demurrer. "It is a most common occurrence," says the court in *De la Beckwith* v. *Superior Court*, 146 Cal. 496, 499 [80 Pac. 717], "for a trial court to change its rulings during the progress of a trial, upon questions of law, and no one would contend that it is not within its power to do so, or that it should not do so when satisfied that the former ruling was erroneous. A ruling on demurrer occupies no better position in this regard than any other ruling from which an appeal could not be taken, and has frequently been disregarded when the same point subsequently arose in the same case in another way.". In the last-cited case there is a full and comprehensive discussion of the subject. Other cases holding the same way are *Wrightson* v. *Dougherty*, 5 Cal. (2d) 257, 265 [54 Pac. (2d) 13]; *Estate of Rawson*, 66 Cal. App. 144, 145 [225 Pac. 474] (where an order made upon demurrer is termed "an intermediate order or ruling"); *People* v. *Lucas*, 78 Cal. App. 421, 425 [248 Pac. 691]; *O'Neill* v. *Hicks*, 101 Cal. App. 374, 375 [281 Pac. 531] (where an order sustaining a demurrer is likened "to any other order made during the progress of the case, which may, if further light be shed upon the subject, be reversed or modified"); *City of Los Angeles* v. *Oliver*, 102 Cal. App. 299, 326 [283 Pac. 298]; *Howe* v. *Board of Supervisors*, 118

Cal. App. 306, 309 [5 Pac. (2d) 28]; *Timm* v. *McCartney,* 9 Cal. App. (2d) 230, 232 [49 Pac. (2d) 315]. ■ For all that appears from the record (the appeal being upon the judgment roll alone) the trial court might have set aside its order sustaining the demurrer, in which event it could not be claimed, as it now is, in effect, that no answer remained in the case. On this appeal, as on any other, "It is incumbent upon the appellant to make it affirmatively appear that error was committed by the court below" (*Cockrill* v. *Clyma,* 98 Cal. 123, 126 [32 Pac. 888]); "all intendments will be made in support of the judgment, and all proceedings necessary to its validity will be presumed to have been regularly taken. . . . If any matters could have been presented to the court below which would have authorized the entry of this judgment, it will be presumed on this appeal, in support of the judgment, that such matters were so presented, and that the judgment was entered in accordance therewith." (*Caruthers* v. *Hensley,* 90 Cal. 559, 560 [27 Pac. 411].) See, also, *Parker* v. *Altschul,* 60 Cal. 380; *Von Schmidt* v. *Von Schmidt,* 104 Cal. 547 [38 Pac. 361]; *Hawley* v. *Gray Bros. etc. Co.,* 127 Cal. 560 [60 Pac. 437]; *Canadian etc. Co.* v. *Clarita Land & Inv. Co.,* 140 Cal. 672 [74 Pac. 301]; *Rooney* v. *Gray,* 145 Cal. 753 [79 Pac. 523].)

■ After all, it must be remembered that the judgment in this case shows that there was no opposition to its entry, although counsel for appellants appeared at the hearing. Moreover, appellants do not challenge the sufficiency of the respondent's showing, on the motion. Their failure to file affidavits or otherwise oppose the motion indicates that they were utterly unable to make the showing of a substantial and meritorious defense as required by section 437c and this language found in *Bank of America etc. Assn.* v. *Oil Well Supply Co.,* 12 Cal. App. (2d) 265, 270 [55 Pac. (2d) 885], seems to be particularly applicable to this case: "It was the defendant's privilege, under section 437c of the Code of Civil Procedure, to set forth the claim, by proper averments, that there was available at least the semblance of a defense; having failed to do this the trial court justly concluded that there was no defense to the action."

The judgment is affirmed.

Peters, P. J., and Ward, J., concurred.