GARCÍA DE QUEVEDO, Petitioner, v. DISTRICT COURT OF BAYAMÓN, ETC., Respondent.

No. 1716.   Argued December 3, 1947.—Decided January 13, 1948.

*Félix Ochoteco, Jr.* and *L. E. Dubón* for petitioner; *Luis Negrón Fernández, Attorney General* and *J. Rivera Barreras, Prosecuting Attorney,* for the People.

Mr. Justice Snyder delivered the opinion of the Court.

On November 21, 1946 the district attorney filed two informations in the district court charging the petitioner with presenting as Municipal Auditor of Cataño false and fraudulent vouchers to the Municipal Treasurer, in violation of § 87 of the Penal Code. On February 27, 1947 the cases were called for trial and the jury was constituted. However, the district court ordered the jury dissolved and the informations dismissed because the statements in the latter that the vouchers were false and fraudulent were mere conclusions without any allegations of fact to support these conclusions.

On April 30, 1947 the district attorney filed two new informations against the petitioner involving the same vouchers, alleging in detail the facts as to their false and fraudulent nature. The petitioner thereupon moved to dismiss the informations on the ground that after a demurrer to an information is sustained, a new information may not be filed unless the court orders that action, and that no such order of court was made here.

The lower court overruled this motion, saying in part that " . . . since this is a case in which the crime does not prescribe as it is a case against the public treasury, justice requires an order which is hereby made, with retroactive effect to the date of the order sustaining the demurrer for lack of a cause of action, granting permission to the district attorney to file a new information." The case is here on certiorari to review this action of the district court.

▆▆▆▆ Section 157 of the Code of Criminal Procedure provides that if a demurrer to an information is sustained, the judgment is final and bars another prosecution for the same offense, unless the court directs the filing of a new information. Assuming, without deciding, that such an order may be entered *nunc pro tunc,* the order in this case did not comply with § 157. The statute specifically requires that the court direct, not permit, the district attorney to file a new information. The theory is that the court must use its own judgment and not leave the question of filing a new information to the discretion of the district attorney. The order must therefore be couched in mandatory rather than permissive language.

We laid down the correct rule when we said in a dictum in *People* v. *González,* 39 P.R.R. 343, 346, that ". . . leave to file a new information is not an order to do so and . . . the judge should have followed the language of the statute and ordered the information to be filed." As the new informations herein were filed without such a directive from the district court, the latter erred in overruling the motion to dismiss the informations on that ground. *Ex Parte Williams,* 48 P. 499 (Calif., 1897); *Ex Parte Hayter,* 116 P. 370 (Calif., 1911); *State* v. *Crook,* 51 P. 1091 (Utah, 1898); see *People* v. *Canals,* 48 P.R.R. 775.[1]

---

[1] In *Velázquez et al.* v. *District Court,* 35 P.R.R. 333, 335, this Court said in a dictum that "Under sections 157 and 158, after demurrer, the defendant must be discharged unless the court orders or permits a new information." This was erroneous. The court must order, not permit, a new information.

■ Section 158 provides that the court may permit an information to be amended. This contrasts with the requirement of § 157 that a new information may be filed only pursuant to an order of court. The Fiscal of this Court argues that here the action of the trial court constituted permission to amend the earlier informations pursuant to § 158 and that the new informations were in effect amendments to the former filed pursuant to the permission granted by the court.

We are unable to agree with this contention. There is a clear distinction between amending an information and filing a new information. To hold that § 158, which only requires permission to amend an information, applies to a new information would be to destroy the requirement of § 157 that a new information must be ordered, not permitted. The latter requirement cannot be read out of the statute in this manner.

However, the fact that the order of the lower court involved herein was defective does not bar the entry of another order directing the filing of a new information if the latter is filed within the period of limitations. And the petitioner concedes that this case comes within § 77 of the Penal Code, which provides that there is no limitation of time within which a prosecution for the crimes listed therein must be commenced.[2]

■ We are aware of the cases which use language indicating that the order directing the filing of a new information should be contemporaneous with the order sustaining the demurrer. *State* v. *Waldrep,* 158 P.(2) 368 (Okla., 1945); *Ex Parte Hayter, supra.* We also realize that none of the cases in so many words leaves the door open for the filing

---

[2] Although he makes this concession, the petitioner nevertheless contends that once a prosecution covered by § 77 is commenced, the provisions of §§ 157 and 148 come into play. However, as we point out in the body of this opinion, §§ 157 and 148 do not bar a new order directing that a new information be filed if the latter is not barred by prescription.

of a new information on some future date. See, e.g., *People v. Seitz*, 279 P. 1070 (Calif., 1929). Nevertheless, we have found no case holding squarely that a new information filed sometime thereafter but within the period of limitations is barred by § 157. And § 149, which provides that "An order to set aside an information, as provided in this chapter, is no bar to a future prosecution for the same offense", contains no requirement that the order of court directing the filing of a new information must be filed simultaneously with the order sustaining the demurrer or within any specific period subsequent thereto.

However, § 159 does provide that if the court by virtue of § 157 directs that a new information be filed, the procedure prescribed by §§ 147 and 148 shall be followed. Section 148 reads as follows:

"If the court directs an information to be filed, the defendant, if already in custody, must so remain, unless he is admitted to bail, or, if already admitted to bail or money is answerable for the appearance of the defendant to answer a new information and *unless a new information is filed within fifteen days,* the court must order the defendant discharged unless by special reason the court extends the time of filing the information." (Italics ours).

We do not interpret § 148 to mean that the court has no jurisdiction to order the filing of a new information unless the order to that effect is filed within fifteen days of the order sustaining the demurrer. *Medina v. Géigel,* 44 P.R.R. 529, is not directly in point. The issue there was whether the information must be filed within fifteen days of the order directing that it be filed rather than as here whether such an order may be made for the first time by the court months after it sustains a demurrer to the information. Nevertheless, our language in that case is significant in showing the spirit in which §§ 157 and 148 are to be interpreted. We said at p. 530:

"Obviously, if a new information has not been filed within the statutory period, the trial court, even after the expiration of that

period, may extend the time for the filing of such information. *A fortiori*, if the new information has been filed before defendant moves for his discharge and within a reasonable time although not within the statutory period, the trial judge, in the exercise of a sound discretion and upon a proper showing by the prosecuting attorney, may refuse to discharge the defendant. In such a case there is no need for a formal extension of time. The question is whether or not in the circumstances the delay was excusable. If it was excusable, and if the judge for this reason refuses to discharge the defendant, such refusal is tantamount to a *nunc pro tunc* order for an extension of time. The mere fact that no order was entered expressly extending the time for the filing of the new information does not entitle the defendant to a writ of habeas corpus.''[3]

In holding in this case that a district court may order a new information to be filed pursuant to § 157 provided it is filed before limitations have run, we are not invoking § 452 of the Code of Criminal Procedure.[4] It is true that under § 452 the district attorney may file a new information involving a felony without an order of court. But § 452 applies only to dismissals under Chapter VI of Title XI of the Code of Criminal Procedure. *People* v. *Barbosa,* 34 P.R.R. 106; *The People* v. *Rivera, alias Panchito,* 7 P.R.R. 325, 333; *People* v. *Cepeda,* 31 P.R.R. 465; *Falero* v. *District Court,* 39 P.R.R. 426. Here the dismissal was not under Chapter VI but pursuant to § 157. The latter provides that there must be an order directing that a new information be filed; and § 148 applies to such an order. But the order, as we have seen, may be entered and the new information filed, if the delay is excusable, prior to the running of the statute of limitations.

The petitioner also complains of the action of the district court in overruling his motion raising the defense of former jeopardy. He concedes that the plea of former jeop-

---

[3] To the same effect, *Ex Parte Torres,* 4 P.R.R. 285, 289.

[4] That Section provides that ''An order for the dismissal of the action, *as provided in this chapter,* is a bar to any other prosecution for the same offense if it is a misdemeanor, but it is not a bar if the offense is a felony.'' (Italics ours).

ardy in the usual sense does not lie here. But he contends that he has been placed in "statutory jeopardy".

Undoubtedly under § 157 if the court sustains a demurrer to an information and does not direct the filing of a new information, "a bar to a further prosecution attaches by the very terms of the statute itself, which may be appropriately termed a statutory bar or a statutory jeopardy in contradistinction to the common law jeopardy." 7 Cal. Jur. 950. But here the question is precisely whether the lower court has entered, or in the future may enter, an order directing the filing of a new information. And we hold, provided the delay is excusable, that the order may be entered at any time prior to the running of limitations. Cf. *People* v. *Lucas,* 248 P. 691 (Calif., 1926).

The order granting permission to the district attorney to file new informations will be vacated and the case remanded with instructions to the district court to determine if a new order should be entered directing, not merely permitting, the filing of new informations.