Filed 10/28/21  Brown v. 1027 Oliver Road Associates CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| ELOUISE BROWN,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>1027 OLIVER ROAD ASSOCIATES,<br><br>    Defendant and Respondent. | A152598<br><br>(Solano County<br>Super. Ct. No. FCS045396) |

This premises liability lawsuit arises from injuries appellant Elouise Brown sustained when she tripped on the handicapped ramp outside of a Chuck E. Cheese restaurant owned by respondent, 1027 Oliver Road Associates, dba Chuck E. Cheese's 11274 Beebalm Circle, Braden, FL 34202 (Chuck E. Cheese's).  The trial court granted summary judgment against Brown, and she now appeals.  Construing her notice of appeal as having been taken from the judgment entered after the summary judgment ruling, we affirm.[1]

---

[1]  Brown filed a notice of appeal from the trial court's "judgment" supposedly entered on July 25, 2017, after an order granting a summary judgment motion.  No such judgment is in the record.  The record contains an unsigned minute order entered on July 25, 2017, granting summary judgment for the defendant, which directs the plaintiff to prepare an order after the hearing, and a written "Order After Hearing on Motion for Summary Judgment" entered two months later on September 28, 2017, which

The appellate record is sparse. It contains only the trial court's summary judgment ruling but not the complaint or the summary judgment motion itself, nor any of the papers and evidence filed in support of the motion. Moreover, according to the trial court's ruling, "there was no opposition to the [summary judgment] [m]otion."

The court ruled as follows:

"Plaintiff has not served or filed a separate statement disputing those material facts contended by Defendant to be undisputed, which alone justifies granting the motion. [Citation.] Moreover, Defendant has presented evidence sufficient to meet its burden of showing that one or more elements of Plaintiff's premises liability claim cannot be established. [Citations.] A claim of premises liability has the same essential elements as a claim for general negligence: 1) a duty owed by the defendant to the plaintiff, 2) breach of that duty, and 3) the breach was a proximate or legal cause of the plaintiff's injuries. [Citation.] The property owner has a duty to exercise ordinary care by making reasonable inspections of the property and eliminate defective and dangerous conditions for which the owner has actual or constructive notice. [Citation.] The owner must have notice of the dangerous condition in sufficient time to correct it. [Citations.] Plaintiff was injured by tripping on raised bumps on a yellow dome pad on the handicapped ramp outside the Chuck E. Cheese restaurant owned by Defendant. The yellow

incorporates verbatim the operative text of the minute order. The register of actions indicates that a judgment in defendant's favor was subsequently entered on October 27, 2017, reciting that "Plaintiff shall take nothing by her complaint against the defendant" and awarding the defendant its costs of suit. We construe plaintiff's notice of appeal as having been taken from the subsequently entered October 27, 2017 judgment. (See Cal. Rules of Court, rule 8.104(d).)

2

dome pad was in compliance with applicable Building Codes and there is no basis to conclude that the pad was dangerous or defective in some manner at the time of the accident such that it created an unreasonable risk of harm to invitees. Even if the dome pad could be deemed dangerous or defective in some manner, Defendant had no actual or constructive notice of the dangerous condition prior to Plaintiff's accident. Consequently, the burden of establishing the existence of a triable issue of material fact shifted to Plaintiff. [Citation.] By failing to produce any specific evidence disputing Defendant's material facts, Plaintiff has not carried her burden. [Citation.]." On that basis, the court granted defendant's summary judgment motion.

On appeal, Brown makes two arguments in her opening brief. First, captioned under a heading entitled "The Standard of Review," she contends: "An attorney for Chucki E. Cheese's content [*sic*] that they were in compliance and up to code on everything but they had last checked these things in the 1900; 1997 or somewhat. It goes without saying that this is a long time and things have and should have been updated by then. I did nothing wrong except walk in an ordinary manner on their ramp, with ordinary shoes, no heels or straps or anything, when I tripped and fell on the rather bumpy ramp whereas had there been handrails installed there I could easily have broken my fall."

Second, captioned under the heading "Elements of the Action," she contends: "I would like to introduce the theory of res ipsa loquitor which translated means 'let the thing speak for itself,' and this determines whether or not the defendant has actually committed an attempt to correct something which in this case it does not appear as such. There are three tests that must be met in order to establish res ipsa loquitor and a prima facie case: [¶] 1) The event doesn't normally occur unless someone had acted negligently; [¶] 2)

3

The evidence rules out the possibility that the actions of the plaintiff or a third party caused the injury. [¶] 3) The type of negligence in question falls within the scope of the defendant's duty to the Plaintiff. [¶] So by legal definition as res ipsa is evidentiary and [*sic*] allows plaintiffs like myself a chance at a rebuttable presumption of negligence through circumstantial evidence."

There are three reasons we must affirm the judgment entered against Brown.

First, the appellate record is not sufficient for us to review the correctness of the summary judgment ruling. "It is well settled . . . that a party challenging a judgment has the burden of showing reversible error by an adequate record." (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574 [declining to consider the merits of cross-appeal where plaintiff failed to furnish an adequate record].) " 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court. "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented." ' [Citation.] ' "A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' " (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609.) Brown has failed to include in the record the summary judgment motion and the evidence filed in support of it, and so there is no way for us to review the court's ruling. (See, e.g., *Bains v. Moores* (2009) 172 Cal.App.4th 445, 478 [appellate court "must reject" claim that demurrer was improperly sustained because record does not contain the complaint and demurrer motion papers]; *Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502 [plaintiff failed to

4

demonstrate error on appeal after trial court granted motion to strike portions of complaint because record does not contain the court's order or underlying motion papers].)

Second, as the trial court noted, the summary judgment motion was not opposed. (The record shows that only *after* the court ruled against her did Brown file a belated opposition to the motion (on September 29, 2017).) This has two consequences. One, because Brown failed to file any opposition or evidence in opposition to the summary judgment motion, the trial court was justified in concluding the motion was meritorious. (See *Kelly v. Liddicoat* (1939) 35 Cal.App.2d 559, 565 [trial court correctly granted unopposed summary judgment motion; defendants' "failure to file affidavits or otherwise oppose the [summary judgment] motion indicates that they were utterly unable to make the showing of a substantial and meritorious defense as required by [Code of Civil Procedure] section 437c" and " 'having failed to do this the trial court justly concluded that there was no defense to the action' "].) Alternatively, by not opposing the summary judgment motion, Brown forfeited any claims of error in the trial court's ruling. That is because " '[a] party who fails to raise an issue in the trial court has . . . waived the right to do so on appeal.' " (*Jensen v. Superior Court* (2021) 64 Cal.App.5th 1003, 1013.)

Finally, we also must affirm the court's ruling because Brown's appellate briefing does not set forth any cognizable claims of legal error. " 'In order to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record.' " (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 153.) "We may and do 'disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the

5

reasoning by which the appellant reached the conclusions he wants us to adopt.' " (*Ibid*.)  Here, Brown does not cite or discuss any legal authority in support of her arguments and, because the appellate record is so bare, she likewise does not cite or analyze any aspect of the record that was before the court when it ruled.  Her contentions are simply not cogent enough for us to meaningfully consider them.  They are not sufficient to carry her burden as the appellant of demonstrating that the trial court erred.

As unfortunate as plaintiff's injuries may be, she has not demonstrated a basis to reverse the trial court's summary judgment ruling.

## DISPOSITION

The judgment is affirmed.  Respondent is awarded its appellate costs.

_____

STEWART, J.


We concur.


_____

KLINE, P.J.


_____

RICHMAN, J.


*Brown v. 1027 Oliver Road Assocs.* (A152598)