[Civ. No. 1846.   First Appellate District.—December 30, 1916.]

PAUL STRAHM, Respondent, v. GEORGE G. FRASER et al., Defendants; FRASER STUDIOS (a Corporation), Appellant.

CORPORATION—REINCORPORATION—TRANSFER OF ASSETS FROM OLD TO NEW CORPORATION—WHEN FRAUDULENT.—The identity of a corporation is not destroyed, nor are its legal obligations obliterated, by the mere fact of reincorporation under the same or a different name, and a transfer of the corporate assets from the old to the new corporation will, when warranted by the pleadings and proof, be considered as having been done to hinder, delay, and defraud creditors of the old corporation.

ID.—FORFEITURE OF CHARTER—TRANSFER OF PROPERTY TO NEWLY ORGANIZED CORPORATION—IDENTITY OF CORPORATIONS—LIABILITY FOR SERVICES RENDERED.—Where a corporation upon the forfeiture of its charter for the nonpayment of a license tax, makes a transfer of all of its property to a newly organized corporation, and the latter occupies the same premises, uses the same furniture and publicly displays the old names at the original place of business, the new corporation is in effect only a mere reorganization of the old corporation, and therefore liable for services rendered to the latter prior to the transfer.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   E. P. Shortall, Judge.

The facts are stated in the opinion of the court.

Curtis Hillyer, for Appellant.

Carl W. Mueller, for Respondent.

THE COURT.—Plaintiff was employed by Vaughn & Fraser, a corporation, as assistant operator in a photographic studio at a salary of $90 per month.   Subsequent to the rendition of the services Vaughn & Fraser transferred all of its

properties to the defendant corporation, Fraser Studios. Plaintiff sued for labor and services rendered, joining as defendants George G. Fraser and Mary L. Fraser, individually and as trustees of Vaughn & Fraser, a corporation; George G. Fraser, doing business as Vaughn & Fraser; Vaughn & Fraser, a corporation, and Fraser Studios, a corporation. The trial court rendered judgment in favor of the plaintiff and against defendants, including the appellant, Fraser Studios, a corporation, for the sum of $735, with interest and costs, and this appeal is from said judgment.

The point presented for reversal is that there was no evidence to support a finding that Fraser Studios—which was organized and incorporated subsequent to the termination of the employment of the plaintiff—could be held liable as an original contractor, no showing having been made that it ever assumed the obligation in suit. The sole question, therefore, is whether or not Fraser Studios and Vaughn & Fraser are substantially the same corporation.

As indicating the substantial identity of the two corporations, it appears in evidence that the same premises were occupied by the two corporations; that the same furniture was used in the business of the two corporations, and that the old names were publicly displayed at the original place of business. It is well settled that the identity of a corporation is not destroyed, nor are its legal obligations obliterated, by the mere fact of reincorporation under the same or a different name, and a transfer of the corporate assets from the old to the new corporation will, when warranted by the pleadings and proof, be considered as having been done to hinder, delay and defraud creditors of the old corporation. (*Koch* v. *Speedwell Motor Car Co.*, 24 Cal. App. 123, [140 Pac. 598, 600] ; 2 Clark and Marsh on Corporations, sec. 342.)

It is insisted, however, by appellant that under the new incorporation a new stockholder had invested a certain sum for a half interest therein, and that as the evidence fails to show what proportion the property transferred bears to the amount so invested, it would be inequitable to subject the new interest to the satisfaction of the plaintiff's claim. However this may be, the old corporation and its property were liable to the demands of the plaintiff, and the new corporation must respond to the extent of the property thus acquired, which, if it be insignificant, as is claimed on be-

half of the appellant, was a matter peculiarly within the knowledge of the new corporation, and no attempt was made by it in its defense to the action in the court below, to show what was the fact in this behalf. The evidence shows that the old corporation, Vaughn & Fraser, forfeited its charter for the nonpayment of a license tax, and transferred all of its property to the defendant corporation, Fraser Studios, which apparently was but a mere continuation and reorganization of the old corporation of Vaughn & Fraser. Under these circumstances and the authorities cited, plaintiff, we think, was entitled to have the new corporation respond to his demand. (*Hibernia Ins. Co.* v. *St. Louis & N. O. Transp. Co.*, 13 Fed. 516, [4 McCrary, 432].)

Judgment affirmed.

A petition for a rehearing of this cause was denied by the district court of appeal on January 29, 1917, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 26, 1917.