[Civ. No. 3475. First Appellate District, Division Two.—November 15, 1920.]

## DANIEL RIORDAN, Appellant, v. E. R. ZUBE et al., Respondents.

[1] APPEAL—ORDERS SETTING ASIDE DEFAULT AND SUSTAINING DEMURRERS—DISMISSAL.—An appeal from orders setting aside a default and sustaining demurrers to a complaint without leave to amend must be dismissed, since the orders are not appealable orders.

[2] JUDGMENT—DEFAULT—ACTION TO SET ASIDE JUDGMENT OF INFERIOR COURT—POWER OF CLERK.—The clerk of the superior court is without power to enter a judgment following a default in an action to set aside a judgment of a justice's court, since the action is not one arising upon contract for the recovery of money or damages only.

[3] JUSTICES' COURTS—APPLICABILITY OF MORATORIUM ACT.—The act of Congress of March 8, 1918, commonly known as the "Moratorium Act," did not divest the justices' court of jurisdiction of actions in unlawful detainer where the premises were occupied by dependents of soldiers or sailors in military service, and a judgment of such a court in such an action is a valid one, and not subject to an action in equity to set aside on the ground that it is void on its face.

---

2. Default judgment entered by clerk without required order of court as void or voidable, note, 16 Ann. Cas. 1211.

APPEAL from orders of the Superior Court of Los Angeles County setting aside a default and sustaining demurrers without leave to amend. Dana R. Weller and L. H. Valentine, Judges. Appeal dismissed.

The facts are stated in the opinion of the court.

Daniel Riordan, *in pro. per.*, for Appellant.

Wilton W. Webster and Leonard L. Riccardi for Respondents.

NOURSE, J.—Plaintiff and appellant commenced an action in the superior court to set aside a judgment of the justice's court and to restrain its enforcement. He named as defendants the justice of the peace who had tried the case in the justice's court and the plaintiff in that action. Their demurrers to plaintiff's complaint were sustained. Plaintiff was given ten days to amend and the defendants were given five days thereafter to plead to the amended complaint. Within due time plaintiff filed his amended complaint. The defendants failed to plead within the five days allowed, and upon application of the plaintiff the clerk of the court entered their default. Within three days thereafter the defendants moved to set aside the default upon a showing of inadvertence and misconception of the order, and after a full hearing the court granted the motion. Thereafter defendants' demurrers to the amended complaint were sustained without leave to amend. Plaintiff appeals from these two orders, the one setting aside the default of the defendants and the other sustaining defendants' demurrers without leave to amend.

[1] Neither order is appealable. The record does not disclose that any judgment was entered either for the plaintiff following the default or for the defendants following the order sustaining their demurrers. It is argued by appellant in his brief that, following the entry of the default, the clerk entered judgment in his favor. [2] But even if this were so, the judgment would have been a nullity because the action, not being one arising upon contract for the recovery of money or damages only, the clerk was with-

out power to enter any judgment, but plaintiff should have applied to the court for the relief demanded.

[3] However, on the merits of the appeal, the order of the trial court sustaining the demurrers without leave to amend was clearly proper, because the complaint failed to state a cause of action and could not have been amended to present one. The relief was sought from the judgment of the justice's court upon the grounds that it was void on its face because the Act of Congress of March 8, 1918, commonly known as the "Moratorium Act" (U. S. Comp. Stats. 1918; Comp. Stats. Ann. Supp. 1919, secs. 3078¼a– 3078¼ss), had divested the justice's court of jurisdiction of actions in unlawful detainer where the premises were occupied by dependents of soldiers or sailors in military service. The plain answer to this proposition is that the jurisdiction of the justice's court of this state is found in the laws of the state and not in the acts of the Congress. Though not mentioned in the constitution as such, the justices' courts are courts of the state of uniform though limited jurisdiction. They find their life and power in the acts of the legislature, which the constitution expressly authorizes the legislature to enact. The argument of appellant seems to be that, as the Moratoruim Act prohibited the eviction of such dependents except upon leave of court, and that as the term "court" as used in that act was therein defined to include "any court of competent jurisdiction of the United States, or of any state, whether or not a court of record," the application should have been made to a superior court, because justices' courts are not included in the enumeration of state courts in the state constitution. But the Moratorium Act does not pretend to change the jurisdiction of any court which is created under state authority. The provisions of that act are made applicable to all courts of competent jurisdiction, whether created by the Congress or the various states.

The justice's court, therefore, had jurisdiction to render the judgment, and it was not void upon its face. The execution was stayed for three months, which was the maximum period of leniency authorized by the Moratorium Act. (Sec. 300, subd. 2.) Appellant was thus given the full protection of the law. The justice's court having had jurisdiction of both the person and subject matter of the

action, its judgment was valid upon its face. Defendant in that case having been given all the protection provided by the Moratorium Act, he had no cause in equity to prevent the execution of that judgment. On the other hand, if aggrieved by the judgment in the justice's court, the statute gave him an adequate remedy by appeal to the superior court. His failure to pursue that remedy does not warrant an equitable action to set aside the judgment, which is valid on its face.

For the reasons first given the appeal from both orders is dismissed.

Langdon, P. J., and Brittain, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 13, 1921, and the following opinion then rendered thereon:

THE COURT.—The application for a hearing in this court after decision by the district court of appeal of the first appellate district, division two, is denied, without regard to what is said in the opinion as to the merits of the case. The orders appealed from were not appealable orders and the appeal was therefore properly dismissed. It should be added that the record does not show that any judgment was ever entered in the action, and further, that an appeal will lie from a void judgment. (See Ewing v. Richvale Land Co., 176 Cal. 152, [167 Pac. 876], and cases therein cited.)

All the Justices concurred.