[Civ. No. 8305.   First Appellate District, Division One.—August 25, 1932.]

WALDO W. BRAREN, Appellant, v. RELIABLE CARPET WORKS, INC. (a California Corporation), et al., Respondents.

490

Brooks Gifford and William E. Fox for Appellant.

Cooper & Collings and Lewis D. Collings for Respondents.

KNIGHT, J.—This action is one of three brought to rescind the sale of corporate stock purchased by plaintiffs from the Reliable Carpet Works, Inc., a Delaware Corporation, and to recover the purchase price paid therefor upon the ground that the sales were brought about by fraudulent representations made by the representatives of said corporation; and that the permit issued by the corporation commissioner to sell said stock was under suspension at the time these sales were made. Waldo W. Braren is the plaintiff in the present action, which involves a single sale of stock for the sum of $250; Mary Braren and Edlyn B. Welch are the plaintiffs in the other actions, each of which involves two sales of stock for the sum of $500. The actions were brought against "Reliable Carpet Works, Inc., a Delaware Corporation, Reliable Carpet Works, Inc., a California Corporation, R. D. Cornell, H. L. Cornell, Robert F. Kearney, and H. T. Brookmiller", the individuals named being, so the complaint alleges, "the duly authorized and acting agents" of the Delaware corporation. The California corporation demurred to the complaint in each action, and its demurrers were sustained without leave to amend, and from the rulings made in that behalf plaintiffs have taken these appeals.

■ The decisions hold uniformly that 'no appeal lies from an order sustaining a demurrer without leave to amend, and that if such appeal is attempted it will be dismissed; that the only method of reviewing such a ruling is by way of appeal from the final judgment, if unfavorable, thereafter entered in the action. (*Brunson* v. *Santa Monica,* 25 Cal. App. 383 [143 Pac. 792]; *Worth* v. *Witt,* 62 Cal. App. 134 [216 Pac. 90]; *Riordan* v. *Zube,* 50 Cal. App. 22 [195 Pac. 65]; *Sahakian* v. *City of Los Angeles,* 91 Cal. App. 737 [267 Pac. 571]; *Bryant* v. *Kelly,* 203 Cal. 721 [265 Pac. 817]; 2 Cal. Jur., pp. 156, 157.) ■ In the present cases minute orders were entered on October 1, 1929, the day on which the demurrers were heard, setting forth the trial court's rulings. And later, on October 31, 1929, there was filed in each action a document, signed by the trial judge, entitled "Judgment", which, after reciting that the demurrer came on regularly for hearing, "ordered, adjudged and decreed that the said demurrer be sustained without leave to amend with costs of $3.50". A similar document was reviewed in the case of *O'Neill* v. *Hicks,* 101 Cal. App. 374 [281 Pac. 531], and was held to be lacking in the essentials of a final judgment because it contained no adjudication finally and irrevocably dismissing the demurring party from the action; and for that reason the court refused to entertain an appeal taken therefrom.

■ Notwithstanding the defect mentioned, we have examined into the merits of the appeals here presented and find no error in the trial court's ruling because there is nothing whatever alleged in the complaints tending to connect the California corporation directly or inferentially with any of the sales of said stock or with any of the transactions about which plaintiffs complain. On the contrary, it affirmatively appears therefrom that all of the charges of irregularity and fraud are directed against the Delaware corporation and its agents; that the permit which it is claimed was suspended covered only the stock of the Delaware corporation; that plaintiffs negotiated for the purchase of the stock of that corporation only, and that the stock thereof was sold and delivered to them; that all fraudulent representations claimed to have been made pertained exclusively to the business of the Delaware corporation, and it is alleged that the same were made by "the defendants,

R. D. Cornell, and H. L. Cornell as the duly authorized agents'' of that corporation. ■ The only reference to the California corporation is contained in an allegation made on information and belief to the effect that at the time of its incorporation the Delaware corporation conveyed to it, without any consideration, all of its assets and that the California corporation carried on the business at the same place, with the same equipment and under the same officers. In this connection plaintiffs cite several cases, notably *Stanford Hotel Co.* v. *M. Schwind Co.*, 180 Cal. 348 [181 Pac. 780], and *Strahm* v. *Fraser*, 32 Cal. App. 447 [163 Pac. 680], to the effect that a corporation may not evade its just debts by reorganizing under a new name and continuing the same business with practically the same stockholders and directors. But it is evident that the rule mentioned has no application here, because the present cases are not founded on any such theory, the sole purpose thereof being to recover from certain alleged tort-feasors the amount of money paid to them by plaintiffs as a result of an alleged fraudulent sale of personal property to plaintiffs by said tort-feasors; and as stated, nowhere in said complaints was it charged, nor is it now claimed, that the California corporation participated in the slightest manner in any of the transactions relating to the alleged fraudulent sales or in the illegal issuance of the stock sold to plaintiffs; or that it received any benefit whatever therefrom. Therefore the mere fact that it may have succeeded to the business of the Delaware corporation would not in itself serve as legal ground for holding it responsible for certain alleged fraudulent acts previously committed by its predecessor in interest in the sale of the latter's stock.

The purported judgment from which the appeal herein was taken is therefore affirmed.

Tyler, P. J., and Cashin, J., concurred.