[Civ. No. 9705. First Appellate District, Division One.—January 17, 1936.]

HARRY W. GROTHEER et al., Appellants, v. MEYER ROSENBERG, INC. (a Corporation), Respondent.

Albert J. McGuire and Jerome L. Schiller for Appellants.

Samuel D. Hamburg for Respondent.

KNIGHT, J.—Plaintiffs seek by this action to hold the defendant Meyer Rosenberg, Inc., liable for the payment of a money judgment previously obtained by plaintiffs against the defendant Meyer Rosenberg, individually, upon the ground that said corporation is the *alter ego* of Meyer Rosenberg, individually. At the time of the commencement of the action they secured a writ of attachment which they caused

to be levied on a bank account of $624.33 standing in the name of said corporation. Thereafter the corporation moved to dissolve the attachment, and pursuant to said motion an order was entered vacating, setting aside and recalling the writ of attachment and directing the sheriff to release all property levied upon. From such order plaintiffs have taken this appeal.

It was contended by the respondent in the trial court and is now urged on appeal in support of said motion that neither of the two causes of action set forth in the complaint are founded on contract, express or implied, for the direct payment of money (subd. 1, sec. 537, Code Civ. Proc.), and that therefore the ancillary remedy of attachment is not available to plaintiffs. We find no merit in this contention.

The following are the facts as they appear from the allegations of the complaint, which at the time the motion was heard and determined were not denied by answer, affidavit or otherwise: During the month of November, 1931, Meyer Rosenberg, a contractor engaged in the business of grading and excavating, while grading property adjacent to plaintiffs', negligently damaged plaintiffs' property. On September 25, 1933, they brought an action against him in the municipal court for the damages thus sustained; and on March 20, 1934, judgment was entered in their favor for the total sum of $2,750 and costs. However, a few days prior to the commencement of the action and on September 12, 1933, Rosenberg organized a corporation under the name of Meyer Rosenberg, Inc., and on November 15, 1933, transferred to the corporation all of his property and assets consisting of his contracting machinery and implements, contracting and office equipment, existing contracts, accounts and notes payable, cash on hand, and a considerable amount of oil stock, all of which he had acquired in the operation of his contracting business; and in consideration of such transfer the corporation agreed to assume all obligations and debts incurred by Rosenberg while conducting said business. In thus divesting himself of all his property, Rosenberg, so the complaint alleges, rendered himself insolvent, and on May 22, 1934, approximately two months after plaintiffs secured the judgment for damages against him, they brought the present action to obtain a money judgment against the corporation covering the amount called for by the judgment entered

against Rosenberg individually, incidental to the commencement of which action they secured and caused to be levied said writ of attachment, with the result already stated.

In charging that Meyer Rosenberg, Inc., was the *alter ego* of Meyer Rosenberg individually, the complaint alleges in substance, among other things, that the corporation was merely a continuation of the business of Meyer Rosenberg individually, under the same control and management, but under a corporate name; that the total number of outstanding shares of stock issued by the corporation is 503, of which Rosenberg owns 501, and that the remaining two shares are held by two other persons merely for the purposes of corporate organization. It is also alleged that said corporation was not organized by Rosenberg in good faith, in furtherance of any lawful object, but solely for the purpose of providing an instrumentality behind which he might shield himself from liability for debts theretofore and thereafter incurred by him individually; and that by transferring all of his property to said corporation he attempted to place beyond the reach of plaintiffs all assets belonging to him out of which they might satisfy any judgment they secured against him.

If the foregoing allegations are true, then Meyer Rosenberg, Inc., is doubtless liable for the debts of Meyer Rosenberg individually, for it is well settled that inasmuch as the separate personality or capacity of a corporation is but a statutory privilege, it must not be utilized for fraudulent purposes, such as a cloak or disguise for the evasion of contracts or other obligations; and that where it appears that it is being used merely as an instrumentality through which an individual who is the owner of its capital stock transacts his business, both law and equity will hold the corporation liable for the obligations of its owner. (6 Cal. Jur. 597, 598; 6A Cal. Jur. 75; *Stanford Hotel Co.* v. *M. Schwind Co.*, 180 Cal. 348 [181 Pac. 780] ; *Meizlisch* v. *San Francisco Wool etc. Co.*, 213 Cal. 668 [3 Pac. (2d) 310].) In applying the above doctrine in the case of *D. N. & E. Walter & Co.* v. *Zuckerman*, 214 Cal. 418 [6 Pac. (2d) 251, 79 A. L. R. 329], the court said: "The corporation was distinctly a one-man corporation. It was Goldberg's *alter ego,* completely owned, dominated and controlled by him. . . . The separateness of the person and the corporation would of course be recognized if no inequitable results would follow. But where, as here, an in-

equitable result would follow the two should be considered as one, and the doctrine of *Minifie* v. *Rowley,* 187 Cal. 481 [202 Pac. 673], and *Wenban Estate, Inc.,* v. *Hewlett,* 193 Cal. 675 [227 Pac. 723], would apply.'' Another case wherein language equally forceful was used is *Llewellyn Iron Works* v. *Abbott Kinney Co.,* 172 Cal. 210 [155 Pac. 986]. ██ And it has been specifically held in the cases of *Stanford Hotel Co.* v. *M. Schwind Co., supra,* and *Meizlisch* v. *San Francisco Wool etc. Co., supra,* that in actions of this kind, where the obligation for which the *alter ego* corporation is sought to be held liable is based on contract, express or implied, for the direct payment of money, process of attachment is available against the property of said corporation. In so holding the court in the Stanford Hotel case goes on to say that in order to obtain a writ of attachment the action must be upon contract, express or implied, for the direct payment of money, and if a recovery on such contract is the purpose of the suit, so far as the right of attachment is concerned, it is immaterial whether the action be regarded as strictly legal or strictly equitable or partly legal or partly equitable. The code section (subd. 1, sec. 537, Code Civ. Proc.) does not in terms prescribe that the action must be in law or that it may not be in equity, or that it may not be one of either law or equity or both. Hence it is not necessary in order to uphold a writ of attachment to establish the proposition that the action is either legal or equitable. What must be established is that the action is based upon contract, express or implied, for the direct payment of money, as distinguished from actions for damages for the breach of contracts other than for the direct payment of money or for fraud in entering into contracts.

██ It is true that the present case is based on a judgment for the direct payment of money, whereas the causes of action stated in the two cases above cited were based upon original contractual obligations for the direct payment of money; but the distinction mentioned does not alter the situation, because it is well settled that an action based on a judgment is an action based on a contract (*Weaver* v. *San Francisco,* 146 Cal. 728 [81 Pac. 119] ; *Jones* v. *Union Oil Co.,* 218 Cal. 775 [25 Pac. (2d) 5] ), and this is so irrespective of the nature of the transaction on which the judgment is founded (33 Cor. Jur. 1056), and even though the judgment be rendered upon an unassignable cause of action for tort (*Lawrence* v. *Martin,* 22

Cal. 173), it being held in this regard that after the recovery of the judgment, whether it is for a tort or upon contract, the judgment becomes a debt which the judgment debtor is obligated to pay and the law implies a contract on his part to pay it. The previous action, whatever it was, becomes merged in the judgment. (See authorities cited in *Gutta Percha etc. Mfg. Co.* v. *Mayor, etc.,* 108 N. Y. 276 [15 N. E. 402, 2 Am. St. Rep. 412].) ·

■ It is true also that the alleged *alter ego* corporation in the present case was not a party to the judgment; but neither were the alleged *alter ego* corporations sued in the two cases mentioned parties to the contracts therein sued upon. It was held, nevertheless, under circumstances similar to those here alleged, that attachment proceedings would lie against the property of such corporations; that equity will strip off the mask of a separate corporate identity when it is but a mask, and regard the new corporation as a continuation of the business of the original debtor and hold it liable for the debts thereof.

For the reasons stated it is our conclusion that the form of action filed herein justified the issuance and levy of the writ of attachment against the property of Meyer Rosenberg, Inc.

■ Respondent further contends that the question presented by the appeal has become moot for the reason that it appears from the bill of exceptions that plaintiffs failed to perfect their appeal from the order complained of within the statutory period during which the attachment was automatically continued in force after the making of such an order. (Sec. 946, Code Civ. Proc.) The determinative question presented by the appeal is, however, whether under the allegations of the complaint plaintiffs were and are entitled to a writ of attachment; and in deciding that question in the affirmative we are not called upon to go further and say what the effect of the reversal of the trial court's order may have upon the lien created by the attachment. (*Flagg* v. *Puterbaugh,* 101 Cal. 583 [36 Pac. 95].)

■ Respondent's final contention that the superior court was without jurisdiction to entertain the action is likewise without merit for the reason that the issues presented by the allegations of the complaint are equitable in their nature· and therefore triable in the superior court.

The order appealed from is reversed with directions to the trial court to enter an order denying respondent's motion for a dissolution of the attachment.

Tyler, P. J., and Cashin, J., concurred.