NASSAU SAVINGS AND LOAN ASSOCIATION, Plaintiff, v. JOHANNA V. ORMOND et al., Defendants.

Supreme Court, Special Term, Queens County, December 23, 1942.

*James E. Smyth* for defendants.

*Patrick Beary* for plaintiff.

DALY, J. Application pursuant to the Soldiers' and Sailors' Civil Relief Act of 1940, as amended October 6, 1942 (U. S. Code, tit. 50, Appendix, § 530 *et seq.*) for an order to stay the plaintiff from proceeding with the instant action to foreclose a mortgage.

The moving defendant, Johanna V. Ormond, and her brother, the defendant John J. Carey, are the co-owners of the one-family house covered by a bond and mortgage executed by them on June 25, 1931, and upon which there is an unpaid balance of $2,633.67. Since October 1, 1942, there has been a default in the payment of thirty-five dollars per month, required to be paid under said mortgage on account of principal and interest. In addition, the defendants have failed to pay real estate taxes commencing with the October, 1940, payment, as well as an assessment levied against the property; the total tax arrears and assessment amount to $495.60.

According to the motion papers the son of the moving defendant contributed to the household, prior to his induction into the armed forces of the United States, the sum of twenty dollars each week, and her husband is receiving the sum of sixty dollars per month from the New York Telephone Company, which retired him in November, 1941, because of illness. The co-owner, John Carey, is said to contribute nothing to the upkeep of the house and has in fact been a drain on the family resources. Under these circumstances it is contended that all proceedings should be stayed *unconditionally* without requiring any payments whatsoever to be made.

The plaintiff has offered to accept interest at the rate of four per cent plus a reasonable amount on account of the arrears of taxes, plus the payment of current taxes. This has been refused. Upon the instant application the plaintiff contends that if a stay be granted " there should be some arrangement made in the order for the payment of interest and taxes."

Section 306 of the 1942 amendment (U. S. Code, tit. 50, Appendix, § 536) provides that: " Dependents of a person in military service shall be entitled to the benefits accorded to persons in military service under the provisions of this article upon application to a court therefor, unless in the opinion of the court the ability of such dependents to comply with the terms of the obligation, contract, lease, or bailment has not been materially impaired by reason of the military service of the

person upon whom the applicants are dependent." Thus, " Article III — Rent, Installment Contracts, Mortgages, Liens, Assignments, Leases " of the Act of 1940 has been extended to dependents of persons in military service. Subdivision 2 of section 302 (U. S. Code, tit. 50, Appendix, § 532, subd. 2) of said article provides:

" In any proceeding commenced in any court during the period of military service to enforce such obligation arising out of nonpayment of any sum thereunder due or out of any other breach of the terms thereof occurring prior to or during the period of such service the court may, after hearing, in its discretion, on its own motion, and shall, * * * on application to it by such person in military service or some person on his behalf, unless in the opinion of the court the ability of the defendant to comply with the terms of the obligation is not materially affected by reason of his military service —

" (a) stay the proceedings as provided in this Act; or

" (b) make such other disposition of the case as may be equitable to conserve the interests of all parties."

This provision, it has been held, " is not to be employed as a vehicle of oppression or abuse; its invocation is not to be permitted for any needless or unwarranted purpose; it is to be administered as an instrument to accomplish substantial justice " (*Hunt* v. *Jacobson*, 178 Misc. 201). It is clear that complete immunity was not intended; the language of the statute itself authorizes the court to stay the proceedings or make such other disposition " as may be *equitable* to conserve the interests of *all* parties." (Italics mine.)

If the movant's son, prior to his induction, contributed to the support of the household, as contended in the moving papers, a large part of such contribution may be continued under the Servicemen's Dependents Allowance Act of 1942. (U. S. Code, tit. 37, § 201 *et seq.*) Under said Act, in addition to the serviceman's contribution of twenty-two dollars per month, the government will contribute fifteen dollars per month to one parent, if one only, and an additional five dollars for each brother or sister, the whole not to total more than fifty dollars, or twenty-five dollars to two parents and an additional five dollars for each additional brother or sister, the whole not to total more than fifty dollars.

It seems clear under the circumstances that the stay should not be unconditional. The allotment by the son and the allowance by the government, plus the pension received by the movant's husband, are sufficient to justify the payment of current

taxes on the property in order to maintain the *status quo* at least to some extent. Accordingly, the application will be granted on condition that the defendants pay to the plaintiff the sum of fifteen dollars per month commencing February 1, 1943. This sum will be applied to the payment of current taxes and, if any balance remains, such balance will be paid on account of the tax arrears.

Settle order on notice.