Joseph V. O'Leary, Comptroller of the State of New York, as Trustee of the New York State Employees' Retirement System, Plaintiff, v. William M. Horgan et al., Defendants.

Supreme Court, Special Term, Queens County, January 13, 1943.

*Patrick J. Beary* for defendant Mary Horgan.

*Joseph V. Graham* for plaintiff.

Hallinan, J.   In an action brought by the Comptroller of the State of New York, as trustee of the New York State Employees' Retirement System, to foreclose a mortgage covering a one-family house owned by the defendants, William M. Horgan and Mary Horgan, his wife, the latter has applied, pursuant to the Soldiers' and Sailors' Civil Relief Act of 1940 (U. S. Code, tit. 50, Appendix, § 501 *et seq.*, as amd. Oct. 6, 1942), for an order staying the action.

It appears that on September 15, 1942, movant's husband enlisted in the United States Army and he is now a private in the Army Air Corps; that prior to such enlistment he was a New York city policeman earning $3,200 a year and contributed the sum of $235 per month for the support of his family, which

includes two minor children; and that at the present time the movant is receiving the sum of seventy-two dollars per month through an army allotment and allowance from her husband and is unable to continue the monthly payments of fifty-seven dollars and thirteen cents required to be made pursuant to the terms of the mortgage, as the city pay of her husband stopped upon his induction.

The plaintiff consents to a stay upon the following conditions:

" 1. That the plaintiff have leave to examine defendant Mary Horgan before trial not oftener than once every year as to the financial ability of defendants and details of occupancy of premises if not occupied by defendants' family.

" 2. That plaintiff may apply to this Court on notice to defendant Mary Horgan, or her attorney, for leave to proceed with this action if financial condition of the defendants has improved sufficiently to make the monthly payment required without hardship, but such defendants refuse to make such payment.

" 3. That plaintiff have leave to apply for a receiver herein if the premises become vacant.

" 4. That defendant be denied leave to serve an answer after her time expires."

Some of such conditions, however, require a prejudgment of situations as they may develop in the future and it would be improvident to approve of them now. The Act, however, does not contemplate complete immunity, for the court is required to make such disposition " as may be equitable to conserve the interests of all parties." (U. S. Code, tit. 50, Appendix, § 532, subd. 2, ¶ [b]; see *Nassau Savings & Loan Association* v. *Ormond*, 179 Misc. 447.) It seems to the court that this purpose will be accomplished if a stay is granted with a provision permitting the examination of the defendant Mary Horgan not more than once every year as to the financial ability of the defendants and the occupancy of the premises, if not occupied by the soldier's immediate family, or in lieu thereof the furnishing by her of a verified statement in respect to these matters. In the event of a change of circumstances the plaintiff may make an application, upon personal notice to the moving defendant, to modify the stay. Defendants may appear in the action within ten days after service of the order to be made herein and may, at the same time, interpose an answer or do so within ten days after any order is served vacating the stay.

The Queens County Bar Association and its Committee on Legal Aid are to be commended for the patriotic services they are rendering to the community in making, as in the instant case, legal aid available to destitute dependents of men in the service.

Settle order on notice.