## LESHER v. LOUISVILLE GAS & ELECTRIC CO.

No. 482.

District Court, W. D. Kentucky, at Louisville.

March 3, 1943.

Bullitt & Middleton, Charles W. Milner, B. Hudson Milner, and Raymond C. Schultz, all of Louisville, Ky., for defendant.

MILLER, District Judge.

The plaintiff, Ada Lesher, brought this action to recover damages from the defendant, Louisville Gas & Electric Company, by reason of an alleged unlawful eviction from an apartment in Louisville, Kentucky, in which she was living. She seeks $500 compensatory damages and $25,000 punitive damages. The defendant has moved to dismiss the complaint for failure to state a cause of action.

Plaintiff alleges that on October 23, 1941 she applied to the defendant for its usual gas and light utilities service which was furnished to the apartment where she lived until about July 1, 1942, "when both gas and light were cut off due to failure to pay therefor and thereafter this plaintiff and her daughter and her daughter's three children have been unable to enjoy the privileges and conveniences of said apartment because of the gas and light not being turned on as aforesaid. That it has been impossible for plaintiff, her daughter or her daughter's children to have cooked meals or enjoy lights at night since said gas and lights were cut off as aforesaid." The complaint states facts showing that the plaintiff, her daughter and her daughter's children are dependents of persons in the military service. The defendant was not the owner or lessor of the property. Plaintiff claims that the defendant by reason of the foregoing facts has dispossessed and evicted her contrary to the provisions of the Soldiers' and Sailors' Civil Relief Act of 1940, Title 50 U.S.C.A. Appendix, § 501 et seq. The particular section of the Act relied on is as follows: "No eviction or distress shall be made during the period of military service in respect of any premises for which the agreed rent does not exceed $80 per month, occupied chiefly for dwelling purposes by the wife, children, or other dependents of a person in military service, except upon leave of court granted upon application therefor or granted in an action or proceeding affecting the right of possession." Title 50 U.S.C.A. Appendix, § 530. The defendant contends that the relation of landlord and tenant did not exist between it and the plaintiff and that its refusal to furnish gas and electricity in the future without payment therefor is not an eviction within the provisions of the statute. The Court is advised by counsel that since the filing of the suit the plaintiff's service has been reconnected, and that in all probability such situations as arose in this case will not reoccur in the future.

The complaint admits the plaintiff's failure to pay for past service. It will be noticed that the plaintiff was not "evicted" for failure to pay this bill. The defendant has merely declined to furnish gas and electricity in the future on credit which reasonably appeared very doubtful. Unless such refusal constitutes an eviction there is no law which requires the defendant to do so. There is nothing to indicate that the terms "eviction" and "distress" are used to imply anything other than the usually and commonly accepted meaning of the terms. The Act does not define them although a separate paragraph of the Act is devoted to definitions. The term "eviction" is as much a part of the landlord and tenant law as are the terms landlord and tenant themselves. Its generally accepted meaning is a dispossession of a tenant by a landlord; it does not refer to a disturbance of the tenant's right to possession or quiet enjoyment of the premises by a third party. The use of the terms eviction and distress in connection with the term "agreed rent" and with the reference to maximum rental of $80 per month clearly indicates that the statute refers to the relationship of landlord and tenant. The defendant was not the lessor of the premises in question. It merely sold its product to the tenant as a purchaser. The relationship of landlord and tenant did not exist between the defendant and the plaintiff in this case. If it did exist it would follow that the defendant would be entitled to the statutory remedies afforded to a landlord for the collection of his rent when a customer of its gas and electricity failed to pay a bill. This would include conferring upon the Gas and Electric Company a lien against the tenant's personal property on the premises and also the right to collect the past due and unpaid bill by distress. Such rights and remedies have never been claimed in our courts by gas and electric companies and would no doubt be rejected by the courts if they were asserted.

In addition, it is difficult to see how the acts complained of constituted an "eviction" as the term is generally understood. The plaintiff has at no time been deprived of the possession of her apartment. The relationship of landlord and tenant has not been disturbed in any way. It may not be as pleasant and convenient for the plaintiff to live there under the new conditions, but her possession and quiet enjoyment of the premises continued to exist. It is conceivable that if the house was heated by coal the coal dealer might refuse to deliver coal on credit, and the premises would become uncomfortable and even unhabitable by reason thereof. If the groceryman decided that he would not deliver groceries any longer except for cash, although he had previously delivered them on credit, this act might also seriously interfere with the comfortable living arrangements of the plaintiff, but such acts are clearly not an eviction of the tenant from the premises. The acts of the defendant herein complained of are strikingly analogous. The allegations of the complaint disregard the fact that meals can be cooked and well prepared on a coal stove, and that very satisfactory lighting can be furnished by lamps. The fact that a tenant is not financially able to afford the best of modern conveniences is far different from being forced to leave the property.

Although the act of cutting off the gas and electric service by the defendant was no doubt very effective in securing the payment of the past due bill, yet it was not "distress" as the term is understood in law of landlord and tenant. The fundamental element of "distress" is the taking of another's personal property out of his possession either for holding or for sale in order to obtain satisfaction of a past due rent claim. Carroll's Kentucky Statutes, Sections 2299–2310. This element was entirely lacking in this case. The claim was not one for rent; nor was any of the plaintiff's property taken out of her possession or even proceeded against.

Plaintiff's counsel contends that the Act should be liberally construed in order to carry out its broad purpose. The Court agrees with that rule. However, liberality of construction is far different from judicial legislation. It is not within the province of the Court to extend the provisions of any statute beyond the field intended by Congress, under the guise of liberal construction. See Ebert et al. v. Poston, 266 U.S. 548, 45 S.Ct. 188, 69 L. Ed. 435, in which a similar contention with respect to the Soldiers' and Sailors' Relief Act of 1918, 50 U.S.C.A. Appendix, § 101 et seq. was rejected by the Supreme Court.

The defendant's motion to dismiss the complaint is sustained.