WILLIAM J. REID, Plaintiff, v. CHARLES MARGOLIS et al., Defendants.

Supreme Court, Special Term, Queens County, October 25, 1943.

*Milton M. Karpel* for defendants.

*Thomas W. Constable* for plaintiff.

KADIEN, J. The defendants move, pursuant to the Soldiers' and Sailors' Civil Relief Act of 1940, as amended in 1942 (U. S. Code, tit. 50, Appendix, § 501 *et seq.*), to stay the plaintiff from proceeding with this action to foreclose a bond and mortgage.

The defendant Charles Margolis is the record owner of the one-family house covered by the mortgage being foreclosed, under a deed dated November 6, 1939, from his parents, the defendants Morris Margolis and Ida, his wife, which was recorded in the office of the Register of Queens County on December 11, 1942, about one month after his induction into the United States Army. The plaintiff contends that the conveyance to the son was made for the purpose of taking advantage of the Soldiers' and Sailors' Civil Relief Act and in support points to indicia from which he draws the conclusion that the

deed could not have been executed nor acknowledged on November 6, 1939. His attorney states that plaintiff is, nevertheless, reluctant to foreclose the mortgage " against a soldier even though not a *bona fide* owner of the property and merely so by a scheme," and if the defendants will pay twenty-five dollars a month for current taxes and interest and, in addition, ten dollars per month on account of the arrears, he will be willing to recommend such a proposition to his client.

The court is of the opinion that under the particular facts here involved it is immaterial to a disposition of the instant application to determine whether the soldier or his parents are indeed the beneficial owners of the property, inasmuch as by the October 6, 1942, amendment to the Soldiers' and Sailors' Civil Relief Act of 1940 the benefits thereof were extended to the dependents of the person in military service. (*Nassau Savings & Loan Assn.* v. *Ormond,* 179 Misc. 447.) Said amendment (U. S. Code, tit. 50, Appendix, § 536) provides as follows: " Dependents of a person in military service shall be entitled to the benefits accorded to persons in military service under the provisions of this article upon application to a court therefor, unless in the opinion of the court the ability of such dependents to comply with the terms of the obligation, contract, lease, or bailment has not been materially impaired by reason of the military service of the person upon whom the applicants are dependent."

It appears without satisfactory contradiction that the defendant Charles Margolis for five years prior to his induction into the service was the sole means of his parents' support. He resided with them and made all payments for interest, taxes and miscellaneous items for the upkeep of the house. He listed his parents as dependents in the records of his Selective Service Board and was for a time deferred. Since his induction into the service they have been granted an allotment and allowance under the Servicemen's Dependents Allowance Act of 1942 (U. S. Code, tit. 37, § 201 *et seq.*), of forty-seven dollars per month. Since his sole income is his corporal's pay from the United States Army, it is obvious that it is utterly impossible to pay the plaintiff the thirty-five dollars per month suggested in the opposing affidavits.

On the other hand, it seems to the court inequitable not to require the defendants to pay something for the upkeep of the house in order to conserve the interests not only of the plaintiff but of themselves, for the Soldiers' and Sailors' Civil Relief Act does not wipe out the obligation but merely suspends its

enforcement. It postpones payment until such time as the ability of the person in the military service or his dependents to comply with the terms of the obligation is no longer materially impaired by reason of military service. Moreover, while the court is reluctant to direct any payments to be made in view of the meager income, it must consider the fact that the soldier's parents have other children whose moral obligation to them is no less than his, notwithstanding that they are married and have families of their own. In addition, some arrangement for occupancy of part of the house in which the two elderly people live could with reasonable co-operation be made and thus create an income which could be used to maintain the payments of current interest and taxes, and thus prevent the accumulations which may ultimately prove more onerous than the payment of current installments.

Under all the facts and circumstances presented the court is of the opinion that the purpose of the Act will be accomplished if a stay is granted in this case on condition (1) that the defendants pay the current taxes on the property in installments of ten dollars per month commencing November 1, 1943, (2) that every three months commencing with said date the defendants file a verified statement with the attorney for the plaintiff, showing the occupancy of the premises and the income therefrom, if any, and (3) in the event of a change of circumstances the plaintiff may upon notice make an application to modify the stay. Settle order on notice.