**ARKLESS v. KILSTEIN et al.**

No. M–1080.

District Court, E. D. Pennsylvania.

Aug. 10, 1944.

A. Jere Creskoff, of Philadelphia, Pa., for plaintiff.

Benjamin F. Kivnik, of Philadelphia, Pa., for defendant.

GANEY, District Judge.

This is a petition under the Act of October 17, 1940 known as the Soldiers' and Sailors' Civil Relief Act, Chapter 888, 50 U.S.C.A. Appendix § 501 et seq. The caption on the petition is "For stay of eviction proceedings" and thereunder the petitioner alleges that she is the wife of Dr. Henry A. Arkless; that she resides at 5460 Lebanon Avenue, Philadelphia; that her husband, Dr. Henry A. Arkless, at this time is a Captain in the United States Army Air Force and is presently stationed at Newport, Arkansas; that Captain Henry A. Arkless has been occupying premises 5460 Lebanon Avenue, Philadelphia, as a tenant for several years under an oral lease; that on August 5, 1943, the Fidelity-Philadelphia Trust Company, Trustee, and Captain Henry A. Arkless entered into a written lease; that on January 20, 1944, the premises were purchased by the defendants herein, and on January 27, 1944, a notice from the Office of Price Administration was directed to Captain Henry A. Arkless, setting forth that an action to remove and evict the tenant at the expiration of three months from the date of the certificate was authorized for the purpose of occupancy by the defendants; that the petitioner's husband occupied the premises as a dwelling and also as an office for the practice of medicine; that an order for him to remove at the present time, would entail great expense as well as untold hardship; that petitioner is informed that the defendants are about to take legal proceedings to take possession of the premises and so prays that said defendants be stayed and enjoined from proceeding with any suit or proceeding affecting the occupancy of premises 5460 Lebanon Avenue for the term of military service and three months thereafter of Captain Henry A. Arkless, as long as the rent stipulated in the lease is paid.

Defendants in an answer admitted most of the allegations in the petition, but denied that an order on Captain Arkless would entail geat expense or untold hardship, and on the contrary, aver that the plaintiff is the owner of premises 5446 Lebanon Avenue, which is not more than 150 feet east of the premises presently occupied by the plaintiff, which is the subject of the dispute herein; and further that they are themselves threatened with eviction proceedings from the place where they presently reside.

■ The various courts which have had occasion to construe the present Act as well as the Act of 1918, 50 U.S.C.A. Appendix § 101 et seq., are almost unanimous in holding that the Act should be liberally construed in order to carry out the proper purposes of the Act as stated in Lesher v. Louisville Gas & Electric Co., D. C., 49 F. Supp. 88; Nassau Savings & Loan Ass'n v. Ormond, 179 Misc. 447, 39 N.Y.S.2d 92.

The petitioner herein invokes Sections 510 and 530. Section 510 thereof defines the purposes of the act, the suspension of the enforcement of civil liabilities and Section 530 provides as follows:

"No eviction or distress shall be made during the period of military service in respect of any premises for which the agreed rent does not exceed $80 per month, occupied chiefly for dwelling purposes by the wife, children, or other dependents of a person in military service, except upon leave of court granted upon application therefor or granted in an action or proceeding affecting the right of possession."

Subsection 2 of the said section provides that upon any such application the court may, if the circumstances warrant, stay the proceedings for not longer than three months, or make any such order as may be just.

■ The main allegation here concerns itself with the inconvenience to the wife of the person in the military service, Captain Arkless, in moving and the hardship occasioned thereby. There is no averment that the inconvenience will result in her not being able to secure another place, for it is not denied that the petitioner or her husband is the owner of a place less than 150 feet from the present property, nor is it averred that the petitioner is financially unable to make any rental payments for any other property nor that the means necessary

888

to prepare and move the doctor's equipment from the premises and household effects is not available. The section that the petitioner particularly stresses, to wit: 530, speaking as it does, using the term agreed rent and reference being made to maximum rental, indicates that this Act refers to disturbance of landlord and tenant relationship. Lesher v. Louisville Gas & Electric Co., supra. This does not exist here as this concerns itself solely with the tenant and an outside third party. In addition the term eviction referred to in the Act, refers to, in its commonly accepted legal interpretation, to a dispossession of a tenant by a landlord, and not to any disturbance of the tenant's right to possession and quiet enjoyment of the premises by a third party. The act here under consideration is almost identical with that of the Act of 1918, 50 U.S.C.A. Appendix § 101 et seq., and attempts, with care, to make provision for those instances where the Congress thought the serviceman's civil rights should be protected. It seems to me the circumstances obtaining here do not fall within the purposes nor the intent of the Act construing it in its most liberal effect. While it might be that one might feel that instances such as exist here should be protected, this causes no reason for judicial legislation as stated by Mr. Justice Brandeis in Ebert et al. v. Poston, 266 U.S. 548, 554, 45 S.Ct. 188, 191, 69 L.Ed. 435: "Such care and particularity in treatment preclude expansion of the Act in order to include transactions supposed to be within its spirit, but which do not fall within any of its provisions."

The prayer of the petition is denied.