570

**PFEIFFER et al. v. McGARVEY.**

**Misc. No. 1102.**

District Court, E. D. Pennsylvania.

July 26, 1945.

Joseph S. Conwell, Jr., of Philadelphia, Pa., for petitioner.

Clarence M. Freedman, of Philadelphia, Pa., for respondent.

KALODNER, District Judge.

This is a petition for a stay of eviction proceedings brought under the authority of Section 300 of the Soldiers' and Sailors' Civil Relief Act of 1940, 54 Stat. 1181, as amended, 56 Stat. 771 (1942), 50 U.S.C.A. Appendix § 530, hereinafter referred to as the Act.

The circumstances as they appear in the pleadings are as follows: Frank E. Pfeiffer, now in the United States Navy, and his wife, Kathryn, together with their two children, reside at 2071 N. 63rd Street in Philadelphia. These premises were leased by Frank Pfeiffer's aunt, Alice M. Pfeiffer, with whom, it is alleged, the petitioners came to live in 1942.

On October 19, 1944, the defendant, Robert N. McGarvey, purchased the premises. After allegedly obtaining from the Office of Price Administration a certificate of authority to maintain eviction proceedings on the ground that he himself wished to occupy the house, McGarvey, on April 17, 1945, after due notice, began eviction proceedings against Alice M. Pfeiffer in Magistrate's Court No. 24 of Philadelphia County. It is admitted that he made no application in the Magistrate's or any other Court for leave to proceed. The hearing was held on April 24, 1945, and judgment of possession was rendered in favor of McGarvey.

At the time of the hearing in the Magistrate's Court, the present petitioners sought to intervene to make application for the benefits accorded to servicemen and their dependents under the aforementioned Act. The amended pleadings herein disclose a dispute between the parties as to whether the Magistrate disposed of the matter on the procedural ground that Frank and Kathryn Pfeiffer were not entitled to intervene, or on the substantive ground that under the circumstances they were not entitled to relief under the Act. This, of course, raises a jurisdictional issue for, if the matter were already disposed of on the merits, the necessary procedure is to seek review in the proper court. Radding v. Ninth Federal Savings & Loan Ass'n, D.C.S.D.N.Y., 1944, 55 F.Supp. 361; see Riordan v. Zube, 1920, 50 Cal.App. 22, 195 P. 65.

However, where the petition fails to make out a case on the merits, which I am

of the opinion is true here, it is not necessary to give further attention to the other issues. See Brooks v. Dewar, 1941, 313 U.S. 354, 359, 61 S.Ct. 979, 85 L.Ed. 1399.

It is admitted that the lessee of the property in controversy is neither Frank nor Kathryn Pfeiffer, but rather a third party, their aunt, Alice M. Pfeiffer. It is not alleged that the latter is a dependent of Frank Pfeiffer or of any other person in the armed service. In truth, it is not asserted that she is entitled to any benefits of the Act in connection with any phase of this case. Moreover, it does not appear that she entered into the lease in a representative capacity or otherwise than individually and for her own use.

Whether petitioners are guests of Alice Pfeiffer, as they allege, or boarders, as defendant alleges, it is clear that under ordinary circumstances their right to possession, if any, must stand or fall upon the right of Alice Pfeiffer. The question presented, therefore, is whether, under the Act, petitioners have a better right to possession than the lessee herself, through whom they must otherwise claim. I am of the opinion that in this case the answer to that question must be in the negative.

Using, as it does, the terms "agreed rent," "eviction or distress," "right of possession," and "tenant," Section 300 of the Act seems to have reference to disturbance of a landlord-tenant relationship. See Lesher v. Louisville Gas & Electric Co., D. C.W.D.Ky., 1943, 49 F.Supp. 88, 89. It is evident here that the petitioners are not tenants of the property involved. While petitioners reside on the premises, they are, on their own allegations, merely invitees. Exclusive possession and control exists in Alice Pfeiffer, lessee, who is charged with care of the property and with payment of the rent. She is in full occupation of the premises, and has not relinquished her control, possession or occupation, nor substituted the petitioners for herself in any way.

However, because of the use of the word "occupy," subsection (1) of Section 300 of the Act is capable of a broad construction, and, indeed, it may warrant a wider construction than the technical legal definition of "tenant" admits. Nevertheless, the title of Section 300, and subsection (2) thereof, clearly indicates that the persons entitled to protection under the Act are those in the armed service, or their dependents, upon whom there rests at least an obligation to pay rent for the leased premises. Here the petitioners are under no such obligation, either express or implied. Petitioners, as I have said, are merely invitees, and their presence comes within the orbit of Alice Pfeiffer's possession and occupation, which are not protected by the Act.

In view of these circumstances, I am of the opinion that the petitioners do not "occupy" the premises within the meaning of the Act. I do not feel that the Act was intended to apply automatically merely on the basis of presence, of those within its purview, without regard to the nature of their presence and their obligations with respect to the property. Moreover, since petitioners are merely the guests of Alice Pfeiffer in her home, I do not believe an action similar to this could be maintained against her; there being no agreement between petitioners and Alice Pfeiffer's successive landlords granting separate rights to the petitioners, it follows that they cannot maintain this action against Alice Pfeiffer's present landlord, the defendant.

Finally, it may be noted that the two unreported cases in this District relied upon by the petitioners are distinguishable. In both cases, those seeking protection under the Act were tenants in full possession and custody under lease.

The situation here presented emphasizes the urgent and compelling need for remedial legislation by the Congress of the United States to adequately safeguard the welfare of relatives of servicemen now beyond the scope of existing law.

The extremely distressing situation precipitated by prevailing unrestrained speculation in homes and apartment houses menaces the welfare of the families of servicemen with inevitable consequent injurious effect upon the morale of our armed forces.

Experience has demonstrated that housing rental ceilings have proved a dismal failure in the absence of adequate price ceilings on sales.

But it is for the Congress to remedy the situation by legislation or for the Executive to take appropriate action under the sweeping provisions of the Second War Powers Act.

For the reasons stated, petition for stay of eviction proceedings is denied.