134 Cal.App.2d Supp. 917 (1955)
NICOLAS FERRARA, Appellant,
v.
ORVIN JORDAN et al., Respondents.
California Court of Appeals. 
July 27, 1955.
 Before: Shaw, P. J., Patrosso, J., and Swain, J.
 Nicolas Ferrara, in pro. per., for Appellant.
 Schifferman & Schifferman for Respondents.
 THE COURT.
 This action went to trial upon a complaint seeking to recover from defendants the amount of a former [134 Cal.App.2d Supp. 918] judgment rendered against them and the answer of the defendants thereto. The plaintiff has appealed from what he denominates "the judgment in the above entitled action rendered in favor of defendants and against plaintiff."
 [1] The instrument sent up in the record as being the judgment, after reciting the trial of the action, states that "the Court ordered the following judgment:"
 "It is adjudged that the defendants Orvin Jordan and Eleanor Jordan have and recover from the plaintiff, Nicolas Ferrara, costs in the sum of $8.25."
 This is no judgment at all. After a trial of an action for money, it should appear either that plaintiff is entitled to an award of money in some amount, or that he take nothing. Neither of these possibilities is mentioned. There is here simply an award of costs. But costs would follow the judgment and not constitute it, for they go to the prevailing party by virtue of section 1031, Code of Civil Procedure, and the judgment determines who is the prevailing party. [2] We read in Whitaker v. Title Ins. & Trust Co. (1918), 179 Cal. 111, 113 [175 P. 460]: "It is, of course, well settled that the right to recover costs exists solely by virtue of statutory provisions, and that when allowed by statute they are allowed solely as an incident of the judgment given upon the issues in the action. ... They constitute no part of a judgment at the moment of its rendition, accruing only upon verified claim therefor ..." In Begbie v. Begbie (1900), 128 Cal. 154, 155 [60 P. 667], the court said: "Under sections 1021 et seq. of the Code of Civil Procedure, costs are not taxable or recoverable until a judicial determination is had in the action in which they have been incurred. There can be no judgment for costs except as a part of the judgment upon the issues in the action. They are but incidents to the judgment. ..."
 In Braren v. Reliable Carpet Works, Inc. (1932), 125 Cal.App. 489, 491 [13 P.2d 972], a "judgment" that "ordered, adjudged and decreed that the said demurrer be sustained without leave to amend with costs of $3.50," was held not to be anything more than an unappealable order.
 [3] Freeman on Judgments (5th ed., vol. 2, p. 1512, par. 717) states: "A Judgment for Costs only without determining the case itself, is not final." The following cases agree that a judgment awarding costs, but making no other adjudication, is not appealable: First Nat. Bank v. Landress (1931), 102 Fla. 840 [136 So. 469]; Board of Education of Grant v. Board of Education of Richmond (1939), 301 Ill.App. 228 [22 N.E.2d [134 Cal.App.2d Supp. 919] 400]; Secrest v. Ledbetter (Tex.Civ.App., 1937), 106 S.W.2d 740; Baker v. Gaskins (1942), 124 W.Va. 69 [19 S.E. 2d 92, 93]; Adair County v. Bennett (Mo., 1944), 183 S.W.2d 319; Pollack v. Theis (1952), 348 Ill.App. 594 [109 N.E.2d 642].
 [4] It may be contended that the trial judge in the case under review indicated that he intended that the plaintiff should recover nothing, with the result that the defendants would be entitled to their costs. Even so, his intention is not enough. Until there is a judgment giving his intention effect, there is no judgment from which an appeal may be taken. To hold otherwise is to condone carelessness and invite trouble. We have no final judgment.
 We have, in various cases in which no opinions were published, dismissed appeals from judgments like this one, but the question recurs, and we deem it advisable to publish our views thereon.
 The appeal from the purported judgment is dismissed.