*686 OPINION OF THE COURT
John Manning Regan, J.
In this action to recover possession of real property under RPAPL article 7, the landlord petitioner seeks to evict the tenant respondent and her seven-year-old child for partial nonpayment of rent amounting to $200. Respondent has resided at the rented premises with her daughter since June of 1986, at which time she signed a rental agreement providing for payment of $340 monthly rent payable on the first of each month.
In March of 1986, by decree of a court in the Commonwealth of Pennsylvania, respondent was divorced from her husband, an enlisted member of the United States Air Force on active duty at Norton Air Force Base, San Bernadino, California.
The court first became aware of the former husband’s military service at the eviction hearing, at which time the tenant orally offered her plea in abatement by telling the court she could not pay the full rent because she had not received her allotment checks.
Based on this oral defense,* the court now grants a stay of all eviction proceedings for 60 days pursuant to 50 USC, Appendix § 501 et seq., commonly referred to as the Soldiers’ and Sailors’ Civil Relief Act of 1940.
Section 530 (1) of the act (50 USC, Appendix) provides: "No eviction or distress shall be made during the period of military service in respect of any premises for which the agreed rent does not exceed $150 per month, occupied chiefly for dwelling purposes by the wife, children, or other dependents of a person in military service, except upon leave of court”. Subdivision (2) of this Federal statute gives the trial court discretion to stay any such proceedings for no longer than three months, or to make such other order as may be just, where the court finds the tenant’s ability to pay the agreed rent is materially affected by reason of such military service. (See, USC, Appendix § 530 [2].)
The persons entitled to protection under the act are those in the Armed Services, or their dependents, who have assumed an obligation to pay rent for leased premises. (Pfeiffer v McGarvey, 61 F Supp 570, 571 [US Dist Ct, ED Pa 1945].) See also, 50 USC, Appendix § 536, which extends the benefits of *687 the act to the dependents of those persons serving in the military.
In deciding whether this respondent is entitled to the protections of section 530, the court must first consider whether, despite her divorce, the ex-wife is still a "dependent” within the meaning of the act. Second, the court must determine whether the $150 statutory limit on monthly rental precludes application of this provision of Federal law in this case, at this time.
I. THE ISSUE OF DEPENDENCY
The courts have been silent on the issue of whether a divorced spouse may be a dependent entitled to the protection of section 530 under the act. However, the case law indicates that dependent status turns, not on the parties’ legal relationship, but rather on whether some form of financial dependency in fact exists. (See, e.g., Reid v Margolis, 181 Misc 222 [Sup Ct, Queens County 1943]; Nassau Sav. & Loan Assn. v Ormond, 179 Misc 447 [Sup Ct, Queens County 1942].) In both of these cases, parents of armed servicemen were found to be dependents under the act where the servicemen had contributed to the parents’ household income. In the case at bar, respondent and her seven-year-old daughter are clearly financially dependent upon respondent’s former husband and the child’s father. His support payments are crucial in enabling respondent to establish her budget and to make financial ends meet. Thus, the court finds that respondent, despite her divorced status, and her daughter are both sufficiently dependent on the former husband to entitle both, or either, of them to protection as qualified dependents under the act.
II. THE ISSUE OF MONETARY LIMITATION
The court must also consider whether the act may be applied to the instant case, since the agreed monthly rent exceeds the $150 statutory limit. In 1966, Congress amended section 530 by raising the monthly rental amount from $80 to $150 to reflect an increase of 129.3% in the average consumer price index since 1940. (See, 1966 US Code Cong & Admin News 1902.) The monthly figure has not been amended since 1966, yet the consumer price index has increased 231.5% from 1966 to 1985. (United States Department of Labor, Bureau of Labor Statistics, Monthly Labor Review [July *688 1986].) Thus, the present dollar amount does not take into account the dramatic effects of inflation since 1966.
As other courts have made clear, the act should be liberally construed in order to carry out its intended purposes. (Arkless v Kilstein, 61 F Supp 886, 887 [US Dist Ct, ED Pa 1944]; Lesher v Louisville Gas & Elec. Co., 49 F Supp 88, 90 [US Dist Ct, WD Ky 1943].) A court has a great deal of discretion when determining applications for relief under the act. (New York Life Ins. Co. v Litke, 181 Misc 32 [Sup Ct, Queens County 1943].) With this in mind, the court finds that since the consumer price index has increased 231.5% since 1966, a period of 20 years of unprecedented inflation, to deny relief based on the $150 rent limit established in 1966 would be contrary to this court’s duty to carry out the act’s spirit and purpose. (See, e.g., Matter of McKinney, 182 Misc 903, 905 [Sup Ct, NY County 1944].) Respondent’s agreed monthly rent of $340 is quite modest in 1986. She and her daughter are, by no means, living in luxury accommodations at such a price. And, if inflation is taken into consideration, she lives in quarters at a rental slightly less than $150 in terms of 1966 dollars. Thus, respondent is entitled to the act’s protection even though her monthly rent nominally exceeds $150.
Finally, the act requires that the court make such a disposition as may be equitable to conserve the interests of all parties. (Railroad Fed. Sav. & Loan Assn. v Morrison, 179 Misc 893, 894 [Sup Ct, Queens County 1943]; Nassau Sav. & Loan Assn. v Ormond, supra.) Accordingly, all proceedings are stayed for two months pursuant to 50 USC, Appendix § 530, during which time the rent due the landlord shall continue to accrue at the agreed rates. If the rent has not been paid in full at the end of two months, the stay will be vacated, and these eviction proceedings may then be recommenced.

 Oral answers are allowed by statute. (RPAPL 743.)