BECKWITH HAVENS, Plaintiff, Judgment Debtor, *v.* ROCHESTER ROPES, INC., Defendant, Judgment Creditor.

Supreme Court, Special Term, Queens County, June 5, 1944.

*Joseph M. Stuckart* for judgment debtor.

*Hugh B. Bergen* for judgment creditor.

COLDEN, J.  The judgment debtor seeks an order vacating the subpœna served herein on March 29, 1944, on Nassau County Trust Company as a third party, and staying all proceedings on the part of the judgment creditor.

The judgment debtor is an officer in the United States Navy. His salary as such is over $6,500 per year.  While serving as such officer, he brought civil litigation against the judgment creditor and recovered at Trial Term.  An appeal was taken during which the judgment debtor here required the appellant to give bond on appeal, which bond cost $862.65.  On appeal the judgment was reversed and the complaint dismissed, with costs to the defendant, which costs amounted to $1,646.85 including the $862.65 expended for the undertaking on appeal, and which sum of $1,646.85 is the basis of the judgment out of which the instant proceeding arose (267 App. Div. 394, affd. 293 N. Y. 659).  Concededly, the judgment debtor has $1,523.14 on deposit with the Nassau County Trust Company.  He urges most vigorously that he should have the relief he seeks on the theory that such relief is indicated under the provisions of section 203 of the Soldiers' and Sailors' Civil Relief Act of 1940 (U. S. Code, tit. 50, Appendix, § 523) and under section 306 of the New York State Soldiers' and Sailors' Civil Relief Act (Military Law, § 306), both quoted at length in the brief of the judgment debtor.  The Federal Act deals with the situation where " in any action or proceeding *commenced in any court against a person in military service* " (italics supplied), the court may, in its discretion give the relief sought, " unless in the opinion of the court the ability of the defendant to comply with the judgment or order entered or sought is not materially affected by reason of his military service ".  The New York statute referred to is couched in the same language.

The judgment debtor is not entitled to the relief which he seeks. *First,* because the action was not commenced against him while in the military service. On the contrary, he commenced the action, and lost, and the bill which he is asked to pay is merely one of the incidents of the action which he brought in an effort to obtain money from others through the process of the civil courts. *Second,* his ability to pay what he owes on this judgment is not affected by reason of his military service. He has the money in the bank in an amount almost sufficient to liquidate the entire judgment without materially reducing his income from the United States Navy, which net income appears to be greater than the judgment debtor enjoyed while in civilian life. *Third,* it would be an improvident exercise of discretion for this court, under all the facts shown, to grant this motion so as to deprive the judgment creditor of the right to reimbursement for the costs and expenses to which it was put in successfully defending itself against the action brought against it by the judgment debtor.

The motion is denied, with ten dollars costs.