In the Matter of the Arbitration between JOHN M. McKINNEY, Petitioner, and KATHERINE M. McKINNEY, Respondent.

Supreme Court, Special Term, New York County, August 23, 1944.

*Jacob Ziff* for petitioner.

*Sidney S. Bobbe* for respondent.

FRANKENTHALER, J. By the terms of the separation agreement between the petitioner and his wife, the respondent herein, the former agreed to pay $350 a month for her and their son's support and maintenance. The agreement provided further that in the event of a change in circumstances either party might apply for arbitration to increase or decrease the sums to be paid by petitioner.

The husband entered the military service of the United States and pursuant to the aforesaid provision of the agreement initiated arbitration proceedings which resulted in the award now before the court. Neither party dissents from the finding of the arbitrator that the provisions for support be halved while the husband is on ordered active military duty and for a reasonable time thereafter. The wife seeks a modification of said award so as to make the aforesaid reduction effective one month later than fixed by the arbitrator, which would increase by $175 the amount determined to be in arrears. Pursuant to the

provisions of the Soldiers' and Sailors' Civil Relief Act of 1940 (U. S. Code, tit. 50, Appendix, § 501 *et seq.*), the husband moves for a stay of the entry of judgment for the arrears accumulated to the date of the award and of its enforcement.

The award recites that the arbitrator was appointed to determine to what extent, if any, the provisions for support should be reduced while petitioner is on ordered active military duty. His decision that respondent is entitled to receive the reduced amount from the date therein fixed can be based only upon his determination that as of said date petitioner was on ordered active military duty and that under the provisions of the agreement the amount payable on said date was subject to retroactive adjustment. Since there has been no evident miscalculation of figures nor an award upon matters not submitted to the arbitrator, his award cannot be disturbed and the wife's application to modify the same must therefore be denied.

The wife opposes the application for a stay of the enforcement of the judgment for arrears contending that by the provisions of section 203 of the Soldiers' and Sailors' Civil Relief Act of 1940 (U. S. Code, tit. 50, Appendix, § 523) and section 306 of the New York Military Law, the court's power to grant a stay is confined to proceedings commenced *against* a person in military service and that petitioner's financial ability to make present payment of the amount found to be in arrears was passed upon by the arbitrator. The latter contention is not borne out by the award. Petitioner should not be held to be without the pale of the persons entitled to relief under the Soldiers' and Sailors' Civil Relief Act and the New York Military Law by the circumstance that he, rather than his wife, was the movant in the proceeding to determine the extent of his obligations. To permit the form of the proceeding and the question of whether the person in military service is petitioner or respondent to be determinative of the rights of such person to the benefits of said acts, would be whittling down the beneficent objectives of such legislation and unreasonably classify and narrow the group of persons intended to be benefited. The Acts are instinct with the purpose of protecting persons in the military services against the enforcement of their obligations, the ability to discharge which is materially affected by reason of such service. The facts in *Havens* v. *Rochester Ropes* (182 Misc. 548) distinguish that case from the present.

Judgment may be entered upon the award but the enforcement thereof will be stayed while petitioner is in active military service and for three months thereafter, provided that mean-

while he pays the amount awarded for current support plus fifty dollars per month on account of arrears.

The judgment should include provision for the present payment of the arbitrator's fees in the amount prayed for in his affidavit.

Settle order.