Joseph Life, J.
The plaintiff, in this action to recover a balance due on a loan made to the defendant, moves for summary judgment. The defendant cross-moves to dismiss the complaint or in the alternative for an order staying the action until his separation from military service and directing the plaintiff to redeliver a motor vehicle to the defendant. Both motions are consolidated and disposed of by this decision.
The defendant, while a resident physician at a hospital in Brooklyn, borrowed a sum of money from the plaintiff and agreed to repay it in monthly installments. To secure repayment of the loan, the defendant executed an agreement covering the motor vehicle which he purchased with the proceeds of the loan. Thereafter the defendant entered the military service. When he defaulted in his payments the plaintiff repossessed the motor vehicle.
The loan was made in August of 1965 and regular payments were made until the installment of June 26, 1966 when the first default occurred and no payments made thereafter though the defendant was not inducted until January 1,1967. He is serving as a captain at a salary substantially larger than that which he was earning at the hospital.
The defendant asserts that he is entitled to the protection afforded members of the armed services who have been inducted after the assumption of debt liability (Federal Soldiers’ and *813 Sailors’ Civil Belief Act of 1940; U. S. Code, tit. 50, Appendix, § 501 et seq.; Military Law, § 311).
Subdivision 3 of section 311 of the Military Law provides that the court may order a stay of proceedings unless ‘1 in the opinion of the court, the ability of the defendant to comply with the terms of the contract is not materially affected by reason of such service; or it may make such other disposition of the case as may be equitable to conserve the interests of all parties ’ ’.
The courts have given effect to the purpose of the statute thus declared (Matter of McKinney, 182 Misc. 903, 904, 905; Nassau Sav. & Loan Assn. v. Ormond, 179 Misc. 447, 449; Havens v. Rochester Ropes, 182 Misc. 548, 550). Since the defendant’s net earnings have not been materially affected by his military service and in fact may actually have been improved, the relief requested by him is denied and plaintiff’s motion is granted. It may be noted that the defendant may be adversely affected by granting the relief he seeks (cf. Associates Discount Corp. v. Armstrong, 33 N. Y. S. 2d 36).